WALTER SMITH WHITE v. STATE OF INDIANA.

[No. 1-972A61. Filed December 21, 1972.]

*Frederick F. McClellan*, of Muncie, for appellant.

*Theodore L. Sendak*, Attorney General, *Wesley T. Wilson*, Deputy Attorney General, for appellee.

LOWDERMILK, J.—The defendant-appellant, Walter Smith White ("White") was convicted by a jury after being charged by affidavit with the crime of robbery. The jury's verdict was that White was guilty of theft by means of a threat of inflicting physical violence to the person threatened or any other person, and his fine was assessed at $5,000.00. After pre-sentence investigation was made and reported the trial judge passed sentence on the jury's verdict, decreeing that defendant be assessed a fine of $5,000.00.

Appellant White timely filed his motion to correct errors, which was based on three specifications, namely: (1) The finding of the jury is contrary to law and the evidence; (2) The court erred in sustaining an objection of the State of Indiana in refusing to allow one William Stratford, Jr. to testify for the defendant as to certain events relating to a robbery of the Hooks Drug Store in Plainfield, Indiana, and events subsequent to said robbery; (3) The defendant was denied a fair trial due to the aforementioned errors and irregularities.

Specification 3 adds nothing to the first two specifications. We shall, pursuant to the Rules, group specifications 1 and 2 and treat them as one.

A notice of alibi was filed and the appellant White relied thereon and introduced evidence to support the same.

The evidence is that Darrell J. Dillon was an employee of Hooks Drugs, Inc. in New Castle, Indiana, on March 5, 1968, and on said date, at approximately 8:55 or 9:00 P.M. the defendant-appellant entered the store, produced a gun, ordered the witness to go to the front of the store and put the money in a paper bag. Mr. Dillon did as ordered and placed $455.00 in currency in a paper bag.

Two other employees of the store were ordered to the front of the store with Mr. Dillon and after the money was placed in the bag at the front of the store the hold-up man ordered all three of the employees to walk to the back of the store, which they did.

State's witness, Vesta Byrd, testified she was in said drug store on March 5, 1968, between 8:30 and 9:00 P.M. and when she walked in all the employees were walking toward the back of the store and she did not see anything else unusual at that time. She further testified that as she was walking toward the entrance of the store a man came out of the store and she described his appearance as being six feet tall, weighing between 180 and 200 pounds, wearing a long coat which she thought was light colored. She did not know whether or not he was wearing glasses.

The State and appellant White agreed that Mr. White would take a lie detector test, with the results of the same being binding on both the State and the appellant in the trial of the cause.

Captain Robert Cline of the State Police, whose specialty was crime investigation, including polygraph, testified as an expert that on May 14, 1968, he administered a polygraph examination to Mr. White.

Captain Cline testified that he reached a conclusion regarding Mr. White, which conclusion was "That Mr. White

had not told the truth to the questions that indicated deception on the test."

Store manager, Darrell J. Dillon, store employee, Diana Lynn Akers, and store employee Patricia M. Walls each identified appellant White as the individual who was in Hooks Drug Store in New Castle on March 5, 1968, and forced them to give him the money at gunpoint and ordered them to walk to the back of the store. Mr. Dillon testified Mr. White wore a dark, black top coat, a dark hat of the dress type, a plaid shirt, mostly red, brown shoes, but did not remember the color of his trousers. He had on glasses with dark upper rims and a metal underpiece under the glass.

Appellant White's evidence was that on the day in question, March 5, 1968, he and his wife were at Nyona Lake at the home of his in-laws which is about ten miles south of Rochester, Indiana. That he was in Dunkirk until approximately 3:30 or 4:00 P.M. on said date; that when he left Dunkirk he was wearing a red and black light weight jacket. He and his wife arrived at Nyona Lake at approximately 6:00 P.M. that evening but his in-laws returned about 7:00 P.M. He further testified that he left Nyona Lake between 9:00 and 10:00 in the evening and it took approximately two hours to get home. He stated further he was arrested early in May of 1968 and that he truthfully answered every question submitted to him in the polygraph examination.

Certain relatives and in-laws of the appellant testified in support of his alibi.

Elinor Welles, a sister-in-law, testified she saw the defendant and his wife leave home for Nyona Lake about 3:30 P.M. At that time appellant was wearing an insulated red and black jacket, black pants and a light colored sport shirt.

Appellant's wife, June, testified that on March 5, 1968, between 6:00 and 6:30 P.M. she saw her parents at Nyona Lake after leaving Dunkirk at 3:30; that she and the appellant arrived at Nyona Lake one-half hour before her parents

returned home and left there around 9:00 in the evening. She also testified her husband was wearing a red and black jacket and dark pants and could remember nothing else he was wearing.

Doris Ellsworth, the official court reporter of the Henry Circuit Court, for nine years, testified that in a previous trial one James Raymond Welles testified that he lived at Nyona Lake and on March 5, 1968, returned about 7:00 in the evening and appellant and his wife were there and they left at 9:00 or 9:30 to return to Dunkirk. (James Welles was the father-in-law of defendant-appellant and was dead at the time of this trial. Proof of his death was made by admitting a death certificate into evidence.)

Mildred Welles, widow of James Welles, deceased, and mother of appellant's wife, June, testified substantially to the evidence given in the former trial by her deceased husband, James.

Defendant-appellant contends that his identification was made some one and one-half months after the commission of the crime and that the question of proper identification then became paramount to the State's cause of action; the evidence submitted by the appellant showed that appellant was at Nyona Lake outside of Rochester during the time the robbery was committed.

Appellant contends there was a conflict of evidence concerning his participation in the crime charged and the jury could have determined:

1. That the State's witnesses were lying and that Mr. White was not at the scene of the robbery at the time of commission of the said robbery;

2. That Mr. White's witnesses were lying or mistaken and that he was at the scene of the robbery when it was committed; or

3. That because of the lapse of time between the commission of the robbery and arrest of the defendant that another

person looking very similar to Mr. White committed the robbery and Mr. White was not present at all.

With this, this court must necessarily agree, as under the alibi pleaded and the evidence submitted thereunder these three propositions were the jury's burden to determine which was correct and which was the truth.

Appellant White further stated:

"The question of identity is one of fact, not of law. Therefore, *all* evidence bearing upon the question must be submitted to the jury and it is for the jury to determine whether it is satisfactory and trustworthy. (our emphasis.)"

With this statement of the law this court agrees.

Defendant-appellant offered in his behalf the evidence of William Stratford, Jr., manager of Hooks Drug Store in Plainfield, Indiana, on Road 40, since the spring of 1969, and that he was working on the 24th day of February, 1970.

The able prosecuting attorney's objection to this testimony for the reason it was irrelevant was sustained and after which the defendant-appellant made an offer to prove.

The offer to prove was that if the witness were permitted to testify as to an armed robbery in Hooks Drug Store in Plainfield on February 24, 1970, that the same "modus operandi" was used as in the robbery in New Castle on March 5, 1968. Further, the witness was taken by Plainfield police and a State Police officer to Dunkirk, Indiana, and interviewed appellant White and the witness determined that appellant White was not the man who committed the robbery on February 24, 1970, in Plainfield.

Appellant White contends the State's chief objection to the evidence of Mr. Stratford was that it was remote in time and place from the incident for which the defendant was being tried, but that simple remoteness in time and place does not necessarily establish evidence as being irrelevant.

To sustain his proposition he cites *Wardens Criminal Evidence*, § 148, as follows:

"To be relevant, it is not essential that the evidence relate to any particular time with respect to the commission of the crime."

and, on page 149:

"There is no fixed standard for determining remoteness. It is, therefore, necessary to consider all circumstances of the case."

Appellant White further relies on the case of *Danerhoffer* v. *State* (1881), 79 Ind. 75. In this case evidence was excluded and the court held:

"The defendant had a right to testify to the whole transaction and explain the circumstances of the punishment and the offense for which it was inflicted."

Appellant further cites the case of *Anderson* v. *State* (1933), 205 Ind. 607, 186 N.E. 316, wherein the court, at page 618, said:

". . . If evidence is relevant upon the general issue of guilt or innocence, no valid reason exists for its rejection merely because it may prove, or may tend to prove, that the accused committed some other crime, or may establish some collateral and unrelated fact. . . ."

Each of these cases relied on by appellant White to support his contention refers to evidence excluded by the court which would have been explanatory and a part of the facts relevant to the guilt or innocence of the defendant and which facts grew explicitly out of the offense for which the defendant was on trial.

Defendant-appellant's trying to show witness Stratford could not identify defendant-appellant as the man who had robbed him at Plainfield, Indiana, by the same mode of operation is irrelevant to the charge that the defendant-appellant did at gun point rob the Hooks Drug Store in New Castle on the date charged.

In fact, to have permitted Stratford to have testified would only have been to have given the jury evidence from which it could have concluded, or have thereon an inference, that another individual used the same method of operation as the defendant-appellant and it was another individual who robbed Hooks at Plainfield, Indiana.

In the case of *State* v. *Lee* (1949), 227 Ind. 25, 29, 83 N.E. 2d 788, the court stated as follows:

". . . While offered evidence may be logically relevant, its admission must be subject to the primary test of its value in the particular case. Practical conditions do not permit the court to hear every matter that may be in any degree logically relevant to the issue, but require that matters received as evidence shall have a higher degree of probative force which may be termed legal relevancy or materiality. Offered evidence which does not measure up to this requirement may be properly rejected. The exclusion of evidence as not material either because too remote, too uncertain or too conjectural is a matter largely within the discretion of the trial court. . . ."

See, also, *Maryland Casualty Co., etc.* v. *Weiss* (1959), 129 Ind. App. 481, 490; 28 I.L.E., *Trial*, § 48.

In our opinion, the court's ruling was correct and the evidence was remote and irrelevant to the case at bar.

The evidence as to defendant-appellant's clothing was completely different as related by the State's witnesses and by relatives and in-laws of the defendant-appellant who testified in support of his alibi. Such discrepancy was to be determined by the jury who saw and observed the witnesses, considered their interests, bias or prejudice in the case, and determined credibility.

The court, in *Pinkerton* v. *State* (1971), 258 Ind. 610, 283 N.E.2d 376, at 378, said:

"Upon the issue of the sufficiency of the evidence, this Court will consider only that evidence most favorable to the State, together with all logical and reasonable inferences which may be drawn therefrom. (Cases cited omitted.)

"The conviction will be affirmed if, from that viewpoint, there is substantial evidence of probative value frmm which the trier of fact could reasonably infer that the appellant was guilty beyond a reasonable doubt. (Cases cited omitted.)"

In *Hale* v. *State* (1967), 248 Ind. 630, 230 N.E.2d 432, the court said:

". . . While this Court will not weigh the evidence, it must be determined if there was substantial evidence. Substantial evidence means more than 'seeming or imaginary.' A verdict on which reasonable men might differ will not be set aside. However, if no reasonable man could find that the evidence has proved the accused guilty beyond a reasonable doubt, then the verdict is not sustained by sufficient evidence. . . ."

Defendant-appellant contends that because of the failure of the court to allow evidence pertaining to the hold up of the Plainfield, Indiana, Hooks Drug Store to go to the jury he was denied a fair trial and was not afforded due process of law as guaranteed by the Fourteenth Amendment to the Constitution of the United States of America.

Defendant-appellant did not set out in his motion to correct errors a violation of due process as guaranteed by the Fourteenth Amendment to the Constitution of the United States; in his brief he cited no authority on due process as required by our Supreme Court Rules, and in our opinion, specification 3 of the motion to correct errors could not be construed to include a violation of due process; however, in a liberal construction of our Supreme Court Rules and in an earnest desire to do our full duty and to afford defendant-appellant his day in court, we shall not stand on this technicality but will write on the proposition presented for the first time in his brief.

We have heretofore set out our reasons for affirming the exclusion of testimony by Stratford concerning the Plainfield robbery. As stated above, no error was committed by this exclusion.

594

In *Pinkerton* v. *State, supra,* the court said:

> "... As we have said many times, although the defendant is entitled to a fair trial, she is not entitled to a perfect one. ..."

Considering the evidence most favorable to the State, we find there was sufficient evidence from which the jury could reach its verdict and there being no error, it is our opinion that the appellant received a fair trial and it necessarily follows thereby that appellant was not denied due process.

Judgment affirmed.

Robertson, P.J. and Lybrook, J., concur.

NOTE.—Reported at 290 N.E.2d 493.