HOWARD J. LEWIS *v.* STATE OF INDIANA.

[No. 475S93. Filed March 10, 1976.]

*Lester A. Ottenheimer, Jr.,* of East Chicago, for appellant.

*Theodore L. Sendak,* Attorney General, *Joseph J. Reiswerg,* Deputy Attorney General, for appellee.

PRENTICE, J.—Defendant (Appellant) was convicted in a trial by jury of the second degree murder of his wife, Patricia, and was sentenced to imprisonment for an indeterminate period of not less than fifteen (15) nor more than twenty-five (25) years. Ind. Code § 35-1-54-1 (Burns 1975). His appeal to this Court assigns the following six errors:

(1) Failing to release (discharge) the defendant under Ind. R. Crim. P. 4(A).
(2) Permitting the eight year old son of the defendant and victim to testify.
(3) Determining that the evidence was sufficient, as a matter of law, to sustain the verdict of guilty.
(4) Admitting State's Exhibits Nos. 1 and 2 (photographs) into evidence.
(5) Denying Defendant's motions for mistrial predicated upon volunteered testimony from a State's witness.
(6) Denying certain of Defendant's tendered instructions.

## ISSUE I

Defendant was originally charged with second degree murder by affidavit on March 27, 1974. On April 26, 1974, he was indicted for the same crime by the Lake County Grand Jury, and the State moved to nolle prosse the affidavit. This motion was granted. Trial began on October 7, 1974, a lapse of about six and one-half months since the filing of the affidavit.

The relief to which the defendant believes himself entitled under this assignment is not clear. At most, however, he would have been entitled to be released upon his own recognizance and not to a discharge. Assuming that the trial was delayed more than six months

beyond the critical date as fixed by Ind. R. Crim. P. 4(A), the State was, nevertheless, authorized to bring him to trial, and this assignment raises no question for review in these proceedings.

In analogous cases, involving Ind. R. Crim. P. 4(B), we have held that the defendant must bring to the attention of the trial judge the fact that a date for trial has been set beyond the time limit prescribed by that Rule. *Wickliffe* v. *State*, (1975) 263 Ind. 219, 328 N.E.2d 420; *Utterback* v. *State*, (1974) 261 Ind. 685, 310 N.E.2d 552; *Bryant* v. *State*, (1973) 261 Ind. 172, 301 N.E.2d 179. In this case, Defendant filed no motion for release on his own recognizance. And when, on September 10, 1974, the State moved for a continuance from the original trial date (September 23), the defense failed to inform the judge that the new trial date was beyond the six-month constraint of Rule 4(A). As indicated by our prior holdings, the defendant cannot sit idly while a trial date is set beyond the time limits imposed by Rule 4(A), and then assert this matter as error on appeal.

## ISSUE II

The son of the defendant and victim was seven years old at the time he witnessed the crime and was eight years of age when the trial commenced, approximately seven months later. Our statute provides that children under ten years of age shall not be competent witnesses "* * * unless it appears that they understand the nature and obligation of an oath * * *." A hearing was held pursuant to this statutory provision, and the boy was declared to be a competent witness.

The defendant charges that the trial judge committed a manifest abuse of discretion in this finding, because the boy stated that he did not know the meaning of the word "oath," did not know what a "promise" was, did not know the meaning of the word, "truth," stated that a "story" is

always a lie and was not asked what it meant to "swear to God."

Defendant has drawn his conclusions from a consideration of the criteria set forth in *Morgan* v. *State*, (1962) 243 Ind. 315, 185 N.E.2d 15 and *Martin* v. *State*, (1969) 251 Ind. 587, 244 N.E.2d 100. We do not find any offense against these cases. Our standard of review in such cases is the same as in others where the sufficiency of the evidence is to be determined. If there is some evidence in a record of the voir dire examination from which the trial court could have inferred that the witness understood the nature and obligation of an oath, this Court must affirm the ruling. There is a presumption in favor of the trial court's ruling, and the burden of overcoming that presumption rests upon the appellant. *Martin* v. *State*, *supra*, *Shipman* v. *State*, (1962) 243 Ind. 245, 183 N.E.2d 823.

In response to questioning, the witness testified that he did not know what an "oath" is, nor could he state what "truth" is. Similarly, he was unable to define "promise." However, he also stated that he knew what it meant to swear to tell the truth, and that he had an understanding of a pledge made to God. He said that to lie was to tell a story— something that didn't happen. He stated that he knew it was a bad thing to tell stories and that when he had done so at home, he had been whipped for so doing. He also stated that he knew he could be punished if he did not follow the oath.

There was no clear error in permitting the boy to testify. Although the evidence was susceptible to conflicting inferences, viewed in the light most favorable to the State and considering the trial judge's opportunity to observe the demeanor of the witness, it was sufficient, as a matter of law, to justify the court's ruling.

## ISSUE III

When the sufficiency of the evidence is raised on appeal, we consider only the evidence most favorable to the State,

together with all logical and reasonable inferences to be drawn therefrom. A conviction will be affirmed if, from that viewpoint, there was substantial evidence of probative value from which the trier of facts could have reasonably inferred, beyond a reasonable doubt, that the defendant was guilty. *Coleman* v. *State,* (1971) 257 Ind. 439, 275 N.E.2d 786; *Gibson* v. *State,* (1971) 257 Ind. 23, 271 N.E.2d 706; *Fuller* v. *State,* (1971) 256 Ind. 681, 271 N.E.2d 720.

This Court, on appeal, will not weigh the evidence nor determine the credibility of the witnesses. *Coleman* v. *State, supra; Fuller* v. *State, supra; Sanchez* v. *State,* (1971), 256 Ind. 140, 267 N.E.2d 374; *Rusher* v. *State,* (1971), 256 Ind. 520, 270 N.E.2d 748.

The substantive evidence against the defendant came from two witnesses, one his eight year old son, previously mentioned, and the other a woman friend of the decedent. The son testified that he was in bed in one bedroom and his mother and her friend, Doris, were in another bedroom. It is not clear whether the boy was awake or whether his father's entry in the early morning hours and the subsequent disturbance awakened him. He saw his father sneak up on his mother and Doris in the bedroom—although he could not see into the bedroom. He could see into the kitchen, and he saw his parents there "fussing and fighting." He saw his father with a gun and he saw him shoot his mother, who fell to the floor. He saw his father fire a second shot, this time at Doris, as she ran out the door.

Doris testified that she was sleeping in a third bedroom occupied by the young daughters of the defendant and decedent. She was awakened when the defendant entered at about 3:00 a.m. through a door that had been wedged shut by a chair because the lock did not operate properly. She saw the defendant kick the decedent with his knee and heard the decedent plead with him to stop hitting her. She

entered the kitchen, where the couple was, and the defendant fired a shot into the air and ordered her to leave, which she did. The decedent was alive when she left. There were conflicts between the testimony of Doris and that of the boy. There were also some conflicts between Doris' testimony and the statement she had made to the police shortly after the homicide occurred, which she acknowledged and explained as having been motivated by fear. There were also minor discrepancies in the boy's testimony, but they do not appear to be consequential.

Much of the defendant's argument of insufficiency is hypothecated upon the assumption that the boy was not a competent witness. It having been determined that he was competent, however, his testimony is entitled to be considered as all other evidence, and his credibility and the weight to be accorded to his testimony are matters for the jury to determine. The testimony of a single eyewitness is sufficient to sustain a conviction. *Frith* v. *State*, (1975) 263 Ind. 100, 325 N.E.2d 186; and conflicts in the testimony between various State's witnesses do not necessarily render a conviction improper. *Turner* v. *State*, (1972) 259 Ind. 344, 287 N.E.2d 339. We, therefore, find the evidence sufficient to sustain the verdict.

## ISSUE IV

The photographs depicting the decedent's body as found by the police investigators were admitted over the defendant's objections that proper foundations had not been laid and that they were irrelevant and prejudicial. With regard to the foundation for admission, the defendant charges that the failure to relate the time and circumstances relative to the taking of such photographs rendered them inadmissible. However, the standards of a foundation for such evidence are not so rigorous. The witness who identified the photographs testified that they accurately portrayed the Lewis kitchen and the body of the decedent, as he found them im-

mediately after the homicide. This was sufficient under *Stephens* v. *State*, (1973) 260 Ind. 326, 295 N.E.2d 622.

We also find that the photographs were relevant, in that they portrayed the scene and matters which a witness would have been permitted to describe verbally. They were not needlessly gruesome and were competent aids to assist the jurors in orienting themselves and better understanding the evidence. *Patterson* v. *State*, (1975) 263 Ind. 55, 324 N.E. 2d 482.

## ISSUE V

During the course of the testimony of Doris Tiller, the defendant interposed objections and moved for mistrials. In each instance, the witness had volunteered more information than was necessary to answer the question asked of her.

On the first such occasion, the witness was asked if she saw or heard anything, and she replied, "I heard a noise, but I didn't see a gun or anything. I was so scared, I kept running."

The second occasion arose when defense counsel attempted to impeach the witness by showing that she had made a prior inconsistent statement to the police, and she volunteered, "* * * I was scared. I said a lot of things. I said too about the gun that I didn't see because I was scared and you yourself, if you be out in a man at large, he might shoot you, too."

On the third occasion, the witness, explaining her prior inconsistent statements, volunteered statements that the defendant "killed his wife" and "could have killed me." On the first occasion above cited, counsel objected to the answer as not being responsive and the court admonished the jury to disregard the unresponsive portion. No motion for a mistrial was made. On the second occasion, counsel objected to the witness' response without stating his grounds, requested that the witness be admonished and moved for a mistrial. The

motion for a mistrial was denied, but the witness was admonished to keep her answers responsive and not to volunteer information not asked for by the question. Further, although not requested, the court again admonished the jury to disregard the unresponsive portion of the answer.

On the third occasion complained of, counsel objected without stating grounds and moved for a mistrial. The motion was denied, but the court again admonished the jury to disregard the volunteered statement that the defendant had killed his wife.

The grant of a motion for mistrial lies largely in the discretion of the trial court and its determination will not be disturbed upon appeal, except upon a showing of clear error. In most instances, an admonishment to the jury to disregard the improper occurrence is sufficient, and unless it is clear that such measures could not adequately alleviate the prejudice likely to have been created, we will not substitute our judgment upon such questions for that of the trial court. The considerations have been thoroughly reviewed in *White* v. *State,* (1971) 257 Ind. 64, 272 N.E.2d 312. The case at bar is akin to *Ballard* v. *State,* (1974) 262 Ind. 482, 318 N.E.2d 798 and *Whitten* v. *State,* (1975) 263 Ind. 407, 333 N.E.2d 86, wherein the occurrences complained of were clearly improper, but the juries were properly admonished, and we could not say that the defendant had been subjected to "grave peril" as was found to exist in *White* v. *State, supra.*

## ISSUE VI

Defendant's tendered instruction No. 1 was refused. It was as follows:

"It is a fundamental rule of criminal law that all doubts must be resolved in favor of the innocence of the accused."

The tendered instruction was based upon language found in *Goodloe* v. *State,* (1967) 248 Ind. 411, 229 N.E.2d 626 and

cases there cited. However, this language means no more than that a presumption of innocence follows a defendant until contradicted by evidence showing guilt beyond a reasonable doubt. The statement from *Goodloe* may have been a correct statement in context. We need not pass upon that hypothetical issue. The doubts that are to be resolved in favor of accuseds are the "reasonable" doubts. *Vicory* v. *State,* (1974) 262 Ind. 376, 315 N.E.2d 715. Even with the word "reasonable" inserted in such an instruction, it is generally not left standing alone but is explained.

Not only was the tendered instruction incorrect, the subject matter thereof was adequately covered by instructions 7, 8 and 9. The refusal of an instruction is not grounds for reversal, if the substance thereof is covered by other instructions. *Lolla* v. *State,* (1973) 260 Ind. 221, 294 N.E.2d 798; *Blackburn* v. *State,* (1973) 260 Ind. 5, 291 N.E.2d 686.

The defendant's tendered instruction No. 4 instructed that the testimony of a child must be corroborated by other testimony before the defendant may be found guilty. His tendered instruction No. 5 advised that the testimony of a child must be carefully scrutinized and cautiously examined. Neither instruction had general application but could relate only to the lone child witness, and both were properly refused.

There is authority in some jurisdictions for the giving of such cautionary instruction as to the testimony of the prosecuting witness where the defendant is charged with a sex offense against a child. *See* 23A C.J.S. *Criminal Law* § 1255e. However, the law applicable to this case is the general rule that the court should not give instructions addressed to the credibility of a particular witness, as to do so is an invasion of the province of the jury. *Turner* v. *State,* (1972) 258 Ind. 267, 280 N.E.2d 621; *Cherry* v. *State,* (1972) 258 Ind. 298, 280 N.E.2d 818; *Taylor* v. *State,* (1972) 257 Ind. 664, 278 N.E.2d 273.

We find no reversible error, and the judgment is affirmed.

Givan, C.J., Arterburn, DeBruler and Hunter, JJ., concur.

NOTE.—Reported at 342 N.E.2d 859.