JOHN C. COLLINS *v.* STATE OF INDIANA.

[No. 3-1275A287. Filed June 10, 1976.]

*Martin H. Kinney,* of Merrillville, for appellant.

*Theodore L. Sendak,* Attorney General, *Joseph J. Reiswerg,* Deputy Attorney General, for appellee.

HOFFMAN, J.—Defendant-appellant John C. Collins was charged in a three-count information with the offenses of robbery[1], theft of property of $100 or more in value[2], and kidnapping.[3] Trial by jury resulted in a finding of guilty of theft from the person,[4] a finding of guilty of theft of property of $100 or more in value, and a finding of not guilty of kidnapping. The trial court sentenced appellant to the custody of the Indiana Department of Corrections for a period of not less than one nor more than ten years on each of the two counts, which sentences were to run concurrently. Thereafter, appellant's motion to correct errors was overruled, and this appeal was perfected.

An examination of the evidence most favorable to appellee State discloses that about 8:30 P.M. on the evening of April 24, 1975, Christine Boone and her sister Sheryl Boone were leaving a store and returning to their car. As Christine was unlocking the door, appellant and another man, identified in the record only as "Crip", approached and asked for a ride. When Christine refused to give them a ride, appellant placed his hand upon a gun, withdrew it slightly, and ordered Christine and Sheryl to get into the front seat of the car.

---

1. IC 1971, 35-13-4-6 (Burns Code Ed.).
2. IC 1971, 35-17-5-3 (Burns Code Ed.); IC 1971, 35-17-5-12(3) (Burns Code Ed.).
3. IC 1971, 35-1-55-1 (Burns Code Ed.).
4. IC 1971, 35-17-5-3, *supra,* n. 2; IC 1971, 35-17-5-12(5)(e) (Burns Code Ed.). Theft from the person is a lesser included offense of the crime of robbery. *See, Hitch* v. *State* (1972), 259 Ind. 1, 15, 284 N.E.2d 783.

After Christine had driven a distance, appellant told her to pull off on a road and stop the car. He then ordered Christine and Sheryl to get into the back seat while "Crip" got into the front seat and appellant got into the driver's seat. Both Christine Boone and Sheryl Boone testified that during this time they were in fear of their lives. Sheryl further testified that Christine appeared "frightened, scared and crying", and that "Crip" was "twisting the gun around teasing us with it."

Appellant drove the sisters near their home and ordered them to give him their money. Although Sheryl had no money, Christine had three dollars which she surrendered to appellant. Christine and Sheryl were then ordered to get out of the car and were warned not to tell "the police or Corky or I will kill you." Appellant then drove away. Christine and Sheryl went home and told their parents who called the police.

On appeal, appellant first challenges the admissibility of certain testimony. As part of the State's case-in-chief, Reverend Douglas was allowed to testify, over objection, that the general reputation in the community for truth and veracity of Christine Boone and Sheryl Boone was "above average." Appellant contends that it was improper to permit such testimony at a time when the sisters' veracity had not been questioned.

A witness is presumed to speak the truth, and evidence of good reputation for truth and veracity of a witness is not admissible until that reputation has been put at issue by the evidence or otherwise. *Bryant* v. *State* (1954), 233 Ind. 274, 118 N.E.2d 894. Although the appellant, on cross-examination of Christine Boone, began a line of questioning which may have insinuated her impeachment, such questioning had not sufficiently attacked her credibility so as to render Reverend Douglas' testimony supporting her character for truth and veracity admissible.

However, appellant directly challenged the credibility of both Christine Boone and Sheryl Boone by his own testimony

on cross-examination. During cross-examination, appellant stated that Christine and Sheryl may have been lying about certain testimony which they had given. Finally, after appellant said the girls could be lying about their testimony that appellant had driven the car away, the following question was asked appellant and the following answer received:

"Q. They lie alot [sic] don't they?

"A. Yes."

This testimony by appellant challenged the credibility of both Christine Boone and Sheryl Boone, and would render evidence of their good character for truth and veracity admissible. Consequently, the testimony of Reverend Douglas was made relevant by this later testimony of appellant. Any error was thereby cured and rendered harmless. *Bradburn* v. *State* (1971), 256 Ind. 453, 269 N.E.2d 539; *Eaton* v. *State* (1917), 186 Ind. 167, 115 N.E. 329.

We must remind appellant that he is entitled to a fair trial, not a perfect one. *Frances* v. *State* (1974), 262 Ind. 353, 316 N.E.2d 364.

Appellant next contends that insufficient evidence was introduced to support his theft convictions in that the State did not show that he intended to deprive the owners of the use or benefit of their property. Such an intent may reasonably be inferred from the fact of unauthorized possession and the totality of the circumstances surrounding the events in this case. *Robinson* v. *State* (1971), 257 Ind. 38, 271 N.E.2d 727; *Tuggle* v. *State* (1969), 253 Ind. 279, 252 N.E.2d 796; *Hartwell* v. *State* (1974), 162 Ind. App. 445, 321 N.E.2d 228.

The evidence most favorable to the State, as stated hereinabove, supports the finding by the jury that the appellant did in fact have the requisite intent. It must be concluded therefore that the State succeeded in establishing the elements of

the theft offenses and that appellant's convictions are supported by sufficient evidence.

No reversible error having been shown, the judgments of conviction appealed from must be affirmed.

Affirmed.

Staton, P.J. and Garrard, J. concur.

NOTE.—Reported at 348 N.E.2d 413.