NOTE—Reported at 390 N.E.2d 1000.

ROBERT W. TAGGERT, SR. *v.* STATE OF INDIANA

[No. 877S606. Filed June 20, 1979.]

*Lee J. Christakis*, of Gary, for appellant.

*Theodore L. Sendak*, Attorney General, *Gordon E. White, Jr.*, Deputy Attorney General, for appellee.

PIVARNIK, J.— Appellant Taggart, along with Samuel Gutierrez and William McCall, were charged by a Lake County Grand Jury with premeditated murder and murder during the commission of a robbery. These charges arose out of the shooting death of Richard Wozniak at the Sicilian Inn in Gary, Indiana, on April 12, 1975. The three were jointly tried to a jury in Jasper Circuit Court. Appellant Taggart was found guilty of felony murder and first degree murder on March 11, 1977, and received a life sentence for the felony murder conviction, with sentencing withheld on the first degree murder conviction.

Appellant raises two issues on appeal, regarding: (1) whether the trial court erred in denying appellant's Motion for Severance; and (2) whether the evidence is sufficient to sustain the conviction.

## I.

Appellant first argues that the trial court erred in not granting him a separate trial. He contends that the defense presented by one of his co-defendants, combined with the nature of the testimony of several former co-defendants, deprived him of a fair determination of his guilt or innocence.

The decision to grant or deny a Motion for Severance is within the

sound discretion of the trial court, and will not be disturbed on appeal absent a showing of abuse of that discretion. *Gutierrez v. State*, (1979) 270 Ind. 518, 386 N.E.2d 1207, 1208; *Rogers v. State* (1978) 268 Ind. 370, 375 N.E.2d 1089, 1091. Appellant points to two facts which he says combined to warrant a separate trial for him: (1) co-defendant McCall presented an insanity defense based on his alleged extraordinary fear of appellant; and (2) several former co-defendants testified against appellant pursuant to plea bargains they struck with the State.

This Court has held that one defendant's choosing to present an insanity defense does not as a matter of law entitle either that defendant or a co-defendant to a separate trial, absent a showing of other facts which evidence an abuse of discretion by the trial court. *Marx v. State*, (1957) 236 Ind. 455, 457, 141 N.E.2d 126, 127; *Neal v. State of Indiana*, (1938) 214 Ind. 328, 334, 14 N.E.2d 590, 593. Appellant has not shown *how* the nature of McCall's defense in any way prevented a fair demonstration of his case by the trier of fact.

With respect to the testimony given by the former co-defendants, appellant seems to be alleging that the plea bargains entered into by these witnesses prejudicially colored their testimony against him. However, he offers absolutely no evidence to support this assertion. In addition, there is no indication that the same testimony would not have been admitted under the same circumstances against appellant had he been tried separately. Furthermore, he does not explain how this testimony, when coupled with McCall's insanity defense, merited a separate trial. Appellant does not claim that the evidence was inadmissible, only that it was extremely detrimental to his case. He obviously had no right to be protected from damaging evidence. *Frith v. State*, (1975) 263 Ind. 100, 110, 325 N.E.2d 186, 192. The circumstances appellant has attempted to describe, considered separately or in combination, do not reflect any abuse of discretion by the trial court in failing to grant his Motion for Severance. This issue is thus without merit.

## II.

Appellant next argues that the evidence was insufficient to sustain his conviction. In reviewing a question of sufficiency, we consider only

that evidence most favorable to the state and all reasonable inferences to be drawn therefrom. In doing so, we neither weigh the evidence nor determine the credibility of witnesses. *Pollard v. State*, (1979) 270 Ind. 599, 388 N.E.2d 496, 501. If there is substantial evidence of probative value supporting each element of the crime beyond a reasonable doubt, the verdict will not be disturbed on appeal. *Gutierrez v. State*, (1979) 270 Ind. 518, 386 N.E.2d 1207, 1211; *Schilling v. State*, (1978) 268 Ind. 534, 376 N.E.2d 1142, 1143.

Several persons testified that William McCall told them that appellant ordered the shooting. John Serwatka testified that appellant told him to shoot anyone who interfered with the robbery at the Sicilian Inn. William McCall also testified that appellant ordered him to murder Richard Wozniak. Appellant in his brief would have us weigh the testimony of McCall and judge his credibility. This we refuse to do. It is the province and prerogative of the jury to believe whomever they choose. *Sypniewski v. State*, (1977) 267 Ind. 224, 368 N.E.2d 1359, 1364. We think there is substantial evidence in this case from which the jury could have found that appellant ordered the slaying of Richard Wozniak. There is thus no error here.

Affirmed.

All Justices concur.

NOTE—Reported at 390 N.E.2d 657.