**Kevin Arnold HILL, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 778S133.**

Supreme Court of Indiana.

Sept. 12, 1979.

Hugh G. Baker, Jr., Indianapolis, for appellant.

Theo. L. Sendak, Atty. Gen., Jack R. O'Neill, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Appellant was convicted in Marion County Criminal Court of two counts of robbery, Ind.Code (Burns 1975) § 35–12–1–1, and one count of inflicting physical injury during the commission of a felony, Ind.Code (Burns 1975) § 35–13–4–6. He raises three issues for our consideration on this appeal: (1) whether the trial court erred in admitting certain items into evidence; (2) whether the evidence is sufficient to sustain the conviction; and (3) whether the trial court erred in the sentence imposed on appellant.

On July 1, 1977, Thomas Schneider, a detective in the Indianapolis Police Department, was working as a security guard at Quality Inn North in Marion County, Indiana. Leslie Cherry was the clerk on duty at the motel. At approximately 2:30 a. m., Schneider was talking on the telephone when he observed a man enter the motel and state, "This is a hold-up." Schneider got up, turned around, and was faced by a man armed with a sawed-off shotgun. Another individual held a sawed-off weapon on Leslie Cherry. Neither Schneider nor Cherry could determine whether it was a rifle or a shotgun. Neither of the two individuals had a mask on, and Schneider testified that appellant Hill was the man who held the gun on him. Schneider wrestled with Hill, and the shotgun broke and the shell fell on the floor. The other person, Young, moved his weapon toward Cherry and ordered Schneider to cease fighting. Schneider released Hill and Hill then hit him on the head with the barrel of the shotgun. Hill then took Schneider's revolver and held it on him. Young and Hill then fled to the parking lot. When Schneider heard them leave, he ran outside and observed a Thunderbird automobile with no license plate backing out of a parking space.

I.

Appellant first challenges the admissibility of certain evidence. The police searched his home with his permission. That search produced several items which were admitted into evidence. State's Exhibit three consisted of a bag containing shotgun shells and rifle shells found in a cabinet in the kitchen, a bag containing a portion of a rifle barrel and a portion of a rifle stock, both from a .22 caliber rifle, and a hacksaw found in a drawer in the kitchen. State's Exhibit four was a photograph, taken in appellant's home, of these items laid together to show them totally. Appellant contends these items should not have been admitted into evidence because they were irrelevant and did not tend to prove any issue before the jury. He bases this argument primarily on the assertion that other evidence revealed that he carried a sawed-off shotgun and that there was no evidence that a sawed-off rifle was involved. As the State points out, however, and as the record reveals, Schneider testified that the weapon held by appellant's accomplice was either a rifle or a shotgun, but that it was a sawed-off weapon. In addition, Leslie Cherry testified that she observed the sawed-off weapon, although she did not know whether it was a rifle or a shotgun.

We have previously held that any evidence that connects the defendant with the crime is admissible. *Wilson v. State,* (1978) Ind., 374 N.E.2d 45; *Pullins v. State,* (1970) 253 Ind. 644, 256 N.E.2d 553. We noted in *Wilson, supra,* that any evidence tending to prove a material fact is admissible even though its tendency in that direction may be exceedingly slight. 374 N.E.2d at 47. *See Morris v. State,* (1977) 266 Ind. 473, 364 N.E.2d 132. Positive proof or positive authentication of evidence with such a tendency is not required for admissibility, and circumstantial evidence is relevant. *Wilson, supra; Pullins, supra; Dixon v. State,* (1963) 243 Ind. 654, 189 N.E.2d 715. We hold the trial court properly admitted the shells and rifle parts into evidence.

Appellant also challenges the admissibility of the hacksaw. It is true, as appellant suggests, that a hacksaw may be a common household item with limited probative value under ordinary circumstances. However, because it was found together with sawed-off parts of a rifle and shells for both shotgun and rifle, and considering the testimony of Schneider and Cherry as to the nature of the weapons used, we think the trial court properly permitted this evidence to be presented to the jury for their consideration as to its weight and value.

State's Exhibit six is a cardboard temporary license plate bearing the number 1502M. Appellant claims this evidence was irrelevant to establish any fact bearing upon his guilt or innocence. The license plate was found in the rear window of a late model white Thunderbird at 1567 North College Avenue. Appellant lived at 1661 North College Avenue. Tests revealed that the fingerprints of appellant's co-defendant, Young, were on the plate. Young was identified as one of the perpetrators, and other evidence placed Young with appellant the evening of the robberies. Furthermore, Schneider identified the car he saw leaving the scene as a late model white Thunderbird without a rear license plate. State's Exhibit six was therefore relevant and was properly admitted into evidence by the trial court.

## II.

Appellant next challenges the sufficiency of the evidence with respect to the identification of him. His argument is, essentially, that the testimony of a single eye witness should not be held sufficient to sustain his conviction. It is well established, however, that the testimony of a single eye witness can be sufficient to sustain a conviction, and we see no reason to disturb that rule. *Lewis v. State,* (1976) 264 Ind. 288, 342 N.E.2d 859; *Frith v. State,* (1975) 263 Ind. 100, 325 N.E.2d 186.

The balance of appellant's argument on this issue attacks the credibility of the testimony which identified him as one of the perpetrators of these crimes. The credibility of the witness who gave this testimony is to be determined by the jury. *Taggart v. State,* (1979) Ind., 390 N.E.2d 657, 659; *Pollard v. State,* (1979) Ind., 388 N.E.2d 496, 501. This Court will not, of course, weigh the evidence or determine the credibility of witnesses, but will only view the evidence most favorable to the State and the reasonable and logical inferences to be drawn therefrom. If there is substantial evidence of probative value to establish every element of the crime, the verdict will not be disturbed. *Brewer v. State,* (1979) Ind., 390 N.E.2d 648, 653; *Gutierrez v. State,* (1979) Ind., 386 N.E.2d 1207, 1211; *Bryant v. State,* (1978) Ind., 376 N.E.2d 1123, 1126.

Detective Schneider absolutely identified Hill as the one who struck him with the barrel of the shotgun during the robberies. He stated at the time that he had seen appellant before but could not remember where. Ten days later he picked appellant's picture from a group of photographs, and then discovered that several months prior to this incident Hill had been one of several people arrested by Schneider and questioned about another unrelated charge. Schneider testified that there was no doubt in his mind about who committed these crimes, and that he recognized appellant as the individual who did them.

Leslie Cherry was restrained by the other defendant, Young, and could not identify Hill. She gave some descriptions of Hill that were inconsistent with his appearance, and presented conflicting evidence on his identity, but she further stated that because Young held a gun directly on her she was not able to observe Hill to any great extent. Further, during the altercation between Hill and Schneider, they were in another room out of Leslie Cherry's view, and she was not able to observe him for the length of time or in the close proximity Schneider did. When presented with conflicting testimony, the jury is free to believe whomever they wish. *Taggart, supra; Sypniewski v. State,* (1977) Ind., 368 N.E.2d 1359, 1364. We think the jury had ample

evidence from which it could find beyond a reasonable doubt that the defendant committed the crimes of robbery and inflicting injury during the commission of a robbery.

### III.

 Appellant received a ten year sentence under Count I for commission of the crime of robbery while armed, for the robbery of property belonging to the motel and taken from the person of Leslie Cherry. He was further sentenced under Count II to a period of ten years for the robbery of Detective Schneider for taking his revolver by force and by putting him in fear. He was also given a life sentence under Count III for inflicting physical injury upon Detective Schneider. The appellant is therefore correct in his assertion that the trial judge improperly sentenced him. Since the robbery (under Count II) was a lesser-included offense of inflicting injury in the commission of a robbery (under Count III), sentences for both counts cannot stand. *Elmore v. State,* (1978) Ind., 382 N.E.2d 893; *Roberts v. State,* (1977) Ind., 360 N.E.2d 825. This cause is accordingly remanded to the trial court with instructions to vacate the sentence on the armed robbery conviction under Count II. The judgment of the trial court is affirmed with regard to the conviction for inflicting injury in the commission of a robbery under Count III and the conviction for robbery under Count I, and is otherwise affirmed in all other respects.

### IV.

The State has filed a Motion to Dismiss or Strike this appeal. The trial court granted appellant's request for permission to file a second, belated motion to correct error, and subsequently overruled the motion. The State argues that the trial court had no jurisdiction to grant permission to file this belated motion. We think, however, that under the facts of this case, the trial court did not err. Appellant's filing of the belated motion did not substantially delay disposition of this cause. In addition, allowing this motion facilitated initial review by the trial court of all of the issues. It also facilitated disposition of all of the issues in this Court in one opinion. Therefore, the trial court acted within its discretion, and the State's Motion to Dismiss or Strike is denied.

GIVAN, C. J., and HUNTER and PRENTICE, JJ., concur.

DeBRULER, J., not participating.