Stephen HAZZARD, Appellant,

v.

STATE of Indiana, Appellee.

No. 280S40.

Supreme Court of Indiana.

Dec. 30, 1980.

J. A. Cummins, Public Defender, Delaware County, Muncie, for appellant.

Theodore L. Sendak, Atty. Gen., Carmen L. Quintana, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was convicted by a jury of Robbery, a Class B Felony. He was sentenced to a base term of 10 years of imprisonment with an additional five years imposed for aggravating circumstances.

The facts most favorable to the State were that a man entered the Prairie Creek Bait and Tackle Shop and purchased a box of shells from Mr. Tuck, a store employee. Approximately five to ten minutes later, the same man returned to the store requesting another box of shells. Mr. Tuck testified that he viewed the man for an additional eight to ten seconds. As Tuck turned to get the order, he saw another man enter the shop with a gun. At that time, the first man rounded the counter and pushed Tuck to the floor. Tuck viewed the man for another two to three seconds. The two assailants robbed the store of money, ammunition, and guns.

Tuck testified there was sufficient lighting in the store to clearly see the robber. He stated that nothing obstructed his view and that he was approximately two feet from the man at the time of the robbery.

Another customer, Mr. Martin, entered the store during the robbery. He testified that he saw the appellant for "a good three seconds," that the lighting was adequate, and that nothing obstructed his view.

Both witnesses viewed photographs immediately after the robbery. Neither Tuck nor Martin could identify the robbers from the photographs viewed at that time. Both witnesses, using an Identi–Kit, made a composite drawing that bore similarities to the appellant. Law enforcement authorities subsequently arrested the appellant.

Twenty–eight days following the robbery, Tuck viewed six photographs, including one of the appellant. When Tuck came to the photograph of the appellant, he immediately identified him. He also identi-

fied the appellant in a line–up. Martin also chose the appellant from this second photographic display. Both witnesses made in–court identifications of appellant as the robber. At a hearing on a motion to suppress, Tuck made a positive identification of the appellant. However, Martin failed to do so.

Appellant claims the trial court erred in denying his motion to suppress the witnesses' in–court identifications of appellant. He contends the identification procedure used by the police was so impermissively suggestive as to give rise to a very substantial likelihood of misidentification. *Sawyer v. State,* (1973) 260 Ind. 597, 298 N.E.2d 440. Appellant argues the witnesses were basing their identification upon the memory of the composite drawing made to their specifications rather than their recollection of the appearance of the robber at the time of the crime.

 The standard used to determine the admissibility of an in–court identification is whether from the totality of the circumstances, the identification procedure was "so impermissively suggestive as to give rise to a very substantial likelihood of misidentification." *Sawyer, supra.* In the case at bar, the law enforcement authorities did not suggest that appellant was the perpetrator of the crime. When the witnesses were exposed to the second photographic display which included appellant's photograph, the police officer did not indicate that a suspect had been apprehended. The record does not reflect that the officer allowed the witnesses to make a comparison with the composite drawing. We find no suggestiveness in the identification procedure used by the police in this case. We hold there was no error in the admission of the in–court identifications.

Appellant also supports his argument by noting the conflicting testimony elicited from Martin during the suppression hearing and trial and conflicts in the testimony of Martin and Tuck. Martin was subjected to impeachment during the trial by his prior inconsistent testimony regarding his failure to identify the appellant during the suppression hearing. In *Johnson v. State,* (1977) 265 Ind. 689, 359 N.E.2d 525, we held that discrepancies in the witnesses' accounts of the identification procedure itself did not require suppression of the in–court identification on the grounds of an impermissively suggestive process. While inconsistencies in the evidence may affect credibility of the witness, conflicts do not require a suppression of the identification based on suggestive procedure. *Johnson, supra.*

 Appellant claims the evidence was insufficient to support his conviction. His argument is based on the likelihood of misidentification by both of the State's witnesses. In *Hill v. State,* (1979) Ind., 394 N.E.2d 132, the appellant alleged the identical issue under like factual circumstances. Although one witness positively identified the appellant as the robber, another witness "gave some descriptions of Hill that were inconsistent with his appearance, and presented conflicting evidence on his identity." *Hill, supra,* at 135. In upholding the conviction in *Hill,* we stated at page 135:

> "It is well established, however, that the testimony of a single eyewitness can be sufficient to sustain a conviction, and we see no reason to disturb that rule. *Lewis v. State,* (1976) 264 Ind. 288, 342 N.E.2d 859; *Frith v. State,* (1975) 263 Ind. 100, 325 N.E.2d 186.

> \* \* \* \* \* \*

> "The credibility of the witness who gave this testimony is to be determined by the jury. *Taggart v. State,* (1979) Ind., 390 N.E.2d 657, 659 [*Pallard v. State,* (1979) Ind., 388 N.E.2d 496, 501].

> \* \* \* \* \* \*

> "When presented with conflicting testimony, the jury is free to believe whomever they wish. *Taggart, supra; Sypniewski v. State,* (1977) Ind., 368 N.E.2d 1359, 1364."

On review this Court did not weigh the evidence or determine the credibility of the witnesses. *Hill, supra; Brewer v. State,* (1979) Ind., 390 N.E.2d 648, we find there is sufficient evidence in the record to sustain the verdict of the jury.

Appellant next claims the trial court erred in allowing the owner of the Prairie Creek Bait and Tackle Shop to testify over appellant's objection of hearsay, immateriality and irrelevancy. The owner testified that he had recovered a check as reimbursement for one of the guns stolen in the armed robbery pursuant to procedures outlined by Alcohol, Tobacco and Firearms Agency of the Federal Government. The gun was recovered outside Cleveland, Ohio, although it was never turned over to the owner. The state established that appellant's residence was Cleveland, Ohio. Appellant contends the state was attempting to establish a nexus between the situs of the gun's recovery and the defendant's residence by hearsay testimony.

We agree with appellant's proposition that the store owner's testimony was improperly admitted hearsay. Hearsay is defined as the statement of an out–of–court declarant, offered to prove the truth of the matter asserted. *Harvey v. State*, (1971) 256 Ind. 473, 269 N.E.2d 759. Although the testimony is hearsay, we fail to see how the admission constitutes prejudicial error. On cross–examination, appellant elicited from the police officer that the gun was recovered from a person other than the appellant. Moreover, the effect of the evidence was merely cumulative. Evidence improperly admitted, but cumulative in nature, does not require a reversal of the cause. *Jackson v. State*, (1980) Ind., 402 N.E.2d 947. The evidence based on the identification and testimony of two witnesses to the crime is sufficient to sustain the conviction.

The trial court is in all things affirmed.

All Justices concur.