**Donald ALLEN, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 280S53.**

Supreme Court of Indiana.

Dec. 11, 1981.

George K. Shields, Indianapolis, for appellant.

Theodore L. Sendak, Atty. Gen., Thomas D. Quigley, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was convicted by a jury of two counts of robbery, a Class B Felony, which he now appeals.

The record reveals that on July 27, 1978, two armed men entered the RCA Credit Union. They fled after threatening employees and taking money from two tellers, Breeden and Bargahiser. The FBI initiated the investigation. After interviewing several employees, the special FBI agents transported the two tellers to two apartment complexes where suspects were being held. Agents drove past the suspects three times from a distance of approximately forty feet. The tellers failed to identify any of the three men in this "show-up." The FBI also displayed photographs of possible suspects, including one of the robbers, McFarland. Appellant's photograph was not included. Detective Gillespie of the Indianapolis Police Department later displayed photographs on two different occasions to the RCA Credit Union employees. In the first display in which appellant's picture was not included, witnesses Weasner and Breeden selected McFarland. Appellant was included and identified as one of the robbers in the second display by witness Weasner. Witness Breeden did not

attend the second display. Witness Bargahiser was unable to identify a suspect from the photographs. In February, 1979, these three witnesses attended a line-up. Two witnesses identified appellant visually. Witness Bargahiser identified appellant by his voice. All three witnesses made a positive in-court identification.

■ Appellant first claims the trial court erred in denying his motion to suppress the witnesses' in-court identification of appellant. He argues that the pretrial identification procedures were so suggestive as to give rise to a substantial likelihood of mistaken identification of him. *Hazzard v. State*, (1980) Ind., 413 N.E.2d 895, *Sawyer v. State*, (1973) 260 Ind. 597, 298 N.E.2d 440. Appellant supports his argument with the facts that one witness failed to identify the appellant's photograph, identification of other suspects and the length of time that elapsed between the time of the crime and subsequent line-up.

"The standard used to determine the admissibility of an in-court identification is whether from the totality of the circumstances, the identification procedure was 'so impermissively suggestive as to give rise to a very substantial likelihood of misidentification.'" *Hazzard, supra*, at 897, quoting *Sawyer, supra*. The officer did not suggest that appellant was the robber. The subjects in the photographs were not so dissimilar in features and coloring to eliminate all subjects but appellant. The officer did not display the photos to the witnesses as a group. The subjects in the line-up were similar in physical description. Although the three witnesses attended the line-up simultaneously, they were instructed to mark an identification sheet. No discussion or comparison among the witnesses occurred during the line-up procedure employed by the police.

The facts cited by appellant go to the weight of the witnesses' testimony rather than establish that law enforcement officials utilized a suggestive identification procedure. We note that the identification witnesses were subject to effective and thorough cross-examination and impeachment during the trial by prior inconsistent testimony elicited during the suppression hearing. "While inconsistencies in the evidence may affect credibility of the witness, conflicts do not require a suppression of the identification based on suggestive procedures. *Johnson* [*v. State*, 265 Ind. 689, 359 N.E.2d 525], *supra.*" *Hazzard, supra*, at 897.

■ Appellant claims there was insufficient evidence to sustain the conviction. He contends the identification evidence is inadequate to prove that he committed the crime. In *Hill v. State*, (1979) Ind., 394 N.E.2d 132, 135, this Court stated:

"It is well established, however, that the testimony of a single eyewitness can be sufficient to sustain a conviction, and we see no reason to disturb that rule. *Lewis v. State*, (1976) 264 Ind. 288, 342 N.E.2d 859; *Frith v. State*, (1975) 263 Ind. 100, 325 N.E.2d 186.

\* \* \* \* \* \*

"The credibility of the witness who gave this testimony is to be determined by the jury. *Taggart v. State*, (1979) Ind., 390 N.E.2d 657, 659; *Pollard v. State*, (1979) Ind., 388 N.E.2d 496, 501."

In this case, one witness positively identified appellant in a photographic display, in a line-up and in court. Another positively identified appellant in the line-up and in court. Still another witness identified appellant by his voice in the line-up and in the trial court. There is sufficient evidence in this record to sustain the convictions.

■ Appellant claims the trial court committed reversible error by ordering him to speak in open court words similar to those uttered by the perpetrator of the crime. He first argues that this procedure violated his constitutional right to remain silent and not incriminate himself. The privilege against compulsory self-incrimination does not shield a defendant against a court-ordered submission to a "purely physical" test such as body measurements, handwriting, fingerprinting and voice exemplars. *Frances v. State*, (1974) 262 Ind. 353, 316 N.E.2d 364. The appellant argues that

his utterance of the robber's words was beyond a "mere physical test." The right against self-incrimination protects the defendant only from testimonial compulsion. *Frances, supra; Hollars v. State*, (1972) 259 Ind. 229, 286 N.E.2d 166. The appellant was not compelled to testify, but only repeat the words by which the witness had previously identified him in a line-up and about which she had testified.

■ Appellant argues the trial court's order was violative of his right to a fair trial as prescribed by the due process clause of the Fourteenth Amendment. Although raised both on appeal and in his motion to correct errors, the specific objection was not made during the trial. An objection must be specific to preserve anything for review on appeal of conviction. *Ralston v. State*, (1980) Ind.App., 412 N.E.2d 239; *Strickland v. State*, (1977) 265 Ind. 664, 359 N.E.2d 244.

■ Appellant additionally argues that the words uttered were irrelevant. He contends the words must have been spoken in the same tone of voice or with the same inflection to be relevant. Although the witness testified "that it wasn't stated that way", she identified the appellant in court after the voice exemplar.

"The rulings of a trial judge on the relevancy of evidence are accorded wide latitude." *Snider v. State*, (1980) Ind., 412 N.E.2d 230, 235; *Brames v. State*, (1980) Ind., 406 N.E.2d 252. We, therefore, find no error in the trial court's ruling.

Appellant finally claims he was improperly convicted and sentenced on two counts of robbery. Notwithstanding his taking of funds from two RCA Credit Union tellers, appellant contends he should have been sentenced to one count of robbery under the rule enunciated in *Williams v. State*, (1979) Ind., 395 N.E.2d 239. In *Williams v. State, supra*, this Court held that the taking of money from four individual tellers from one bank constituted a single robbery. We stated in that case:

"The *Canty* [*United States v. Canty*, 152 U.S.App.D.C. 103, 469 F.2d 114], case establishes that a defendant cannot be convicted on several counts when he takes money from one bank. The above language leaves open the question of whether one can be convicted of more than one count when taking money from several different persons in the same transaction under a general robbery statute. Nevertheless, that Circuit looks to whether 'stripped down to the basic reality, the robbery ... constituted a unitary transaction.' *United States v. Hopkins*, (1972) 150 U.S.App.D.C. 307, 314, 464 F.2d 816, 823. See also *United States v. Fleming*, (7th Cir. 1974) 504 F.2d 1045." 395 N.E.2d at 247.

The State persuasively counters that robbery is an offense against the person, and therefore, the *Williams* rule should be overruled. Because *Canty, supra, Hopkins, supra*, and *Fleming, supra*, involved offenses arising from the federal bank robbery statute, the State contends this Court erroneously decided *Williams*. In *Williams*, 395 N.E.2d at 247, we stated:

"The elements of this statute [Federal Bank Robbery] are substantially similar to the elements of armed robbery under Indiana law. The only exception is that the money taken must belong to a bank, credit union or savings and loan association."

■ The essence of robbery is a taking. In the case at bar, property of the RCA Credit Union was the sole subject of "the taking". Approaching each teller may constitute successive assaults. As stated in *Fleming, supra*, at 1054, "We are not suggesting that these defendants might not be liable for assaulting each teller separately under state law. However, upon taking the property, we believe that one robbery occurs when all of that taken property is titled in one entity.

We conclude the *Williams* rule is sound, notwithstanding the classification of robbery as an offense against the person.

We, therefore, remand this cause to the trial court with instructions to vacate one of the convictions and sentences for robbery.

HUNTER, DeBRULER and PIVARNIK, JJ., concur.

PRENTICE, J., concurs and dissents with opinion.

PRENTICE, Justice, concurring and dissenting.

I concur in the majority opinion except upon the issue concerning the number of robbery counts properly chargeable to the appellant. Upon this issue I dissent for the reasons set forth in my recent dissenting opinion in *Lane v. State*, Ind., 428 N.E.2d 28 (1981).