JONES *v.* STATE OF INDIANA.

[No. 469-S-80. Filed February 6, 1970. No petition for rehearing filed.]

*Robert J. Fink, Indianapolis,* for appellant.

*Theodore L. Sendak,* Attorney General, *Edward S. Neal,* Deputy Attorney General, for appellee.

ARTERBURN, J.—Appellant was charged by indictment with first degree murder in the shooting death of his wife. The

cause was submitted to trial by jury which resulted in appellant being found guilty of murder in the second degree.

Burns' Ind. Stat. Ann. § 10-3404 defines the offense of second degree murder as follows:

> "Whoever, purposely and maliciously, but without premeditation, kills any human being, is guilty of murder in the second degree . . ."

The sole issue presented by this appeal centers upon appellant's contention that there is a total lack of evidence to support a finding that he acted purposedly and maliciously.

In determining whether there is substantial evidence of probative value to establish every material element of the crime, only that evidence most favorable to the State, and all reasonable inferences to be drawn therefrom, will be considered. *Liston* v. *State* (1969), 252 Ind. 502, 250 N. E. 2d 739.

A review of the record discloses that appellant was separated from his wife and divorce proceedings were pending. On the evening of July 3, 1967, appellant's wife, hereafter referred to as the decedent, drove to the home of a Mrs. Hadler. The decedent had just parked her automobile alongside the home when appellant arrived in his automobile. A witness testified that appellant got out of his car with a shotgun and walked up the driveway to where the decedent was standing. He was then heard to say "Jackie, you will never go anywhere, anymore again" whereupon he fatally shot the decedent. Appellant subsequently surrendered voluntarily to the police and admitted shooting his wife. A shotgun with a spent shell in the chamber was recovered from his automobile.

Appellant does not deny that he shot his wife. His only contention is that it was not done purposely and maliciously. In this regard much emphasis is placed upon the marital turmoil that engulfed appellant and the decedent; the fact that he did not desire the divorce; that she allegedly went out with other men; and that she failed and

refused to care for and supervise their children. Although we do not doubt that such circumstances, assuming them to be accurate, may have contributed to the events of the evening of July 3, 1967, their existence does not excuse the killing, nor preclude a finding that appellant acted purposely and maliciously. We believe such a finding is sufficiently supported by the record.

A witness testified that on the day of the shooting appellant told the decedent "that he was going to get her." There was further testimony that several weeks before the shooting the appellant was heard to say "I'll kill her before I'll let anyone else have her." Another witness stated that she heard appellant, on prior occasions threaten to kill the decedent and on one occasion she testified that as she arrived to pick up the decedent the appellant was choking the decedent. Appellant's son ran out of the home shouting "Daddy's just said he's going to kill my mom." Other testimony reflected the fear that overcame the decedent. She was remembered to have stated on one occasion that "Bob (the appellant) will kill me. He's going to kill me. I know this." Due to these threats and altercations the decedent slept with a hammer and knife under the bed. The record is replete with evidence of appellant's anger displayed toward the decedent.

The foregoing evidence is sufficient to prove the purposeful and malicious killing by appellant of his wife. It is beyond dispute that intent and purpose to kill may be inferred from the deliberate use of a deadly weapon in a manner likely to cause death. *Schlegel* v. *State* (1958), 238 Ind. 374, 150 N. E. 2d 563. Likewise, the deliberate use of a deadly weapon in a manner likely to cause death sufficiently supports a finding of malice. *Maxey* v. *State* (1969), 251 Ind. 645, 244 N. E. 2d 650, *Brown* v. *State* (1969), 252 Ind. 161, 247 N. E. 2d 76.

As a corollary to the above contention, appellant urges that the most he is guilty of is voluntary manslaughter. To sup-

port this he relies upon the domestic problems he and the decedent were involved in and his suspicion that she was "going out" on him. The record does not lend itself to an interpretation that appellant acted in sudden heat and anger. In *Warren* v. *State* (1962), 243 Ind. 508, 188 N. E. 2d 108, we held that provocation by sudden heat, as to reduce an unlawful killing from murder to manslaughter, is not shown by evidence or belief in the infidelity of one's wife where days intervened wherein the defendant had time to meditate prior to commission of the crime. Moreover, mere passion or anger is not alone sufficient to make an intentional homicide voluntary manslaughter provocation. *Yarber* v. *State* (1961), 242 Ind. 616, 179 N. E. 2d 882. In this case the parties were separated and defendant was under a restraining order not to molest his wife yet he sought her out at the time of the killing.

It is readily apparent that there was evidence of substantial and probative value to establish the crime of second degree murder. The existence or non-existence of purposefulness, malice, and provocation were all matters for the jury. Their findings, being amply supported by the evidence as it appears in the record, will not be upset by this Court.

Judgment affirmed.

Hunter, C.J., DeBruler, Givan and Jackson, JJ., concur.

NOTE.—Reported in 255 N. E. 2d 105.