EARNEST S. BLAIR *v.* STATE OF INDIANA.

[No. 270S21. Filed November 9, 1971.]

Jerome E. Levendoski, of Fort Wayne, for appellant.

Theodore L. Sendak, Attorney General, Robert F. Hassett, Deputy Attorney General, for appellee.

DeBruler, J.—This first degree murder conviction in which the appellant was sentenced to life imprisonment is before us for review on the sole issue of the sufficiency of the evidence of premediated malice. We find that there was sufficient evidence from which a jury could find premeditated malice and thus affirm the conviction.

The testimony reveals that the deceased left her place of employment at about 3:00 p.m. on February 17, 1969, with two other women. As they were proceeding to one of the women's automobile, the deceased was met by her estranged husband, the appellant here, who had called and told her he would meet her to show her a new car. The defendant walked up and put his arm around the deceased and they began talking in a low voice, as the other two women entered the automobile to wait for the deceased. Just after the car had been started, the two women heard a shot. The woman driving the automobile looked back and saw the appellant fire two shots

at the deceased's back. The deceased fell and the appellant leaned down and put the gun to her forehead and pulled the trigger. The gun misfired and the witness screamed and ran away. As she was running she heard two more shots fired. The appellant then walked to his car and left the scene. An examination of the deceased indicated that she had been shot five times, with the lethal shot entering near the small of her back.

The appellant testified in his own behalf that he had gone to the parking lot to meet his wife in order to show her an automobile that he was thinking of buying for her. He had a loaded pistol in his belt which he placed there in order to scare his wife into taking a ride with him in case she refused to look at the car. According to the appellant, his wife saw the gun in his belt and reached for it and he grabbed her arm. He testified that he could remember nothing else until he got to his brother's house. He told his brother that he thought he had shot his wife and asked to be taken back to town. He was arrested while sitting in a car with his brother at his brother's house.

In reviewing the allegation of insufficient evidence this Court will not weigh the evidence nor resolve questions of credibility of witnesses, but will look to that evidence and the reasonable inferences therefrom which support the verdict of the jury. *Asher* v. *State* (1969), 253 Ind. 25, 244 N. E. 2d 89. The conviction will be affirmed if from that viewpoint there is evidence of probative value from which the trier of fact could reasonably infer that the appellant was guilty beyond a reasonable doubt. *Smith* v. *State* (1970), 254 Ind. 401, 260 N. E. 2d 558. Malice can be inferred from the intentional use of a deadly weapon in a manner likely to cause death. *Jones* v. *State* (1970), 253 Ind. 456, 255 N. E. 2d 105; *Maxey* v. *State* (1969), 251 Ind. 645, 244 N. E. 2d 650. Premeditation has been defined as the act of premeditating in advance, deliberating on a contemplated act, or forming an intention to do something before it is done.

*Brewer* v. *State* (1969), 253 Ind. 154, 252 N. E. 2d 429; *Lemay* v. *State* (1963), 244 Ind. 652, 190 N. E. 2d 189. As we have often said, "Premeditation by its very nature is not instantaneous but requires some time interval." *Heglin* v. *State* (1957), 236 Ind. 350, 140 N. E. 2d 98, 100; *Maxwell* v. *State* (1970), 254 Ind. 490, 260 N. E. 2d 787; *Barker* v. *State* (1958), 238 Ind. 271, 150 N. E. 2d 680. The evidence in this case is undisputed that the appellant went to the parking lot with a loaded pistol in his belt and shot the deceased twice in the back and twice more as she lay on the ground. From the testimony in this case the jury had sufficient evidence from which to infer the elements of malice and premeditation in this killing. Therefore the jury's verdict of first degree murder in this case was not contrary to law.

Affirmed.

Arterburn, C.J., Givan, Hunter and Prentice, JJ., concur.

NOTE.—Reported in 274 N. E. 2d 532.