BOBBY LEE JONES *v.* STATE OF INDIANA.

[No. 573S91.  Filed June 27, 1974.]

*Mrs. Harriette Bailey Conn,* Public Defender of Indiana, *David P. Freund,* Deputy Public Defender, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Deputy Attorney General, for appellee.

ARTERBURN, C.J.—This appeal from the denial of a Post-Conviction Petition presents a pair of interrelated allegations. Appellant alleges that his trial counsel was incompetent and that, as a result of this incompetence, evidence favorable to Appellant was not brought forward at trial. Thus, in essence Appellant is saying that newly discovered evidence exists which requires a new trial.

We begin by noting that Appellant, convicted of second degree murder, took an appeal to this court. *Jones* v. *State* (1970), 253 Ind. 456, 255 N.E.2d 105. In that case the sole issue presented was "that there is a total lack of evidence to support a finding that he acted purposely and maliciously." *Jones, supra,* 255 N.E.2d at 105. If the appeal, which was by an attorney other than the trial attorney, did not contain an allegation of incompetency of counsel, it would seem that this issue has been waived. However, the State has not asserted waiver; therefore, we will consider the issue. *Langley* v. *State* (1971), 256 Ind. 199, 267 N.E.2d 538. Appellant's allegation is grounded on a single fact: failure of trial counsel to seek a continuance, in addition to numerous prior continuances which had been

granted to Appellant, for the purpose of obtaining the testimony of two witnesses. These witnesses testified at the post-conviction hearing.

The substance of the first witness's testimony was that the decedent had at times prior to the shooting carried a pistol in her purse. Further, the second witness attempted to give hearsay evidence impeaching the eye-witness's trial testimony. But the only issue in dispute is the element of malice. *Jones, supra.* Appellant admitted the shooting. *Jones, supra.* Malice may be inferred from the use of a deadly weapon. *Brown* v. *State* (1969), 252 Ind. 161, 247 N.E.2d 76; *Maxey* v. *State* (1969), 251 Ind. 645, 244 N.E. 2d 650.

In order to warrant a new trial newly discovered evidence (even if we should consider this as such) must be more than mere impeaching evidence; it must be non-cumulative; it must be credible and competent and it must have the probability of producing a different result at a new trial. *Emerson* v. *State* (1972), 259 Ind. 399, 287 N.E.2d 867; *Cansler* v. *State* (1972), 258 Ind. 450, 281 N.E. 2d 881; *Wilhoite* v. *State* (1971), 255 Ind. 599, 266 N.E.2d 23. Furthermore, in a post-conviction proceeding the Appellant "has the burden of establishing his grounds for relief by a preponderance of the evidence." Rule P.C. 1(5). The judge is the sole judge of the weight of the evidence and the credibility of witnesses. *Hoskins* v. *State* (1973), 261 Ind. 291, 302 N.E.2d 499. Since there is no likelihood that this evidence would change the result, a new trial should not be granted.

We are left with this failure to seek a continuance as the ground for the incompetency of counsel allegation. Such an isolated occurrence, even without possible *bona fide* explanations, is not conduct shocking to the conscience of a court or conduct making a mockery of the trial. *Blackburn* v. *State* (1973), 260 Ind. 5, 291 N.E.2d 686; *Sargeant* v. *State* (1973), Ind. App., 299 N.E.2d 219,

and cases cited therein. There must be, and there is not in this instance, strong and convincing proof to overcome the presumption that an attorney has been competent. *Isaac* v. *State* (1971), 257 Ind. 319, 274 N.E.2d 231 and cases cited therein.

Judgment affirmed.

DeBruler, Givan, Prentice, JJ., concur; Hunter, J., concurs in result.

NOTE.—Reported at 312 N.E.2d 856.