PAUL EVERETTE PHILLIPS *v.* STATE OF INDIANA.

[No. 1-1174A172.   Filed May 29, 1975.   Rehearing denied July 2, 1975.
Transfer denied April 26, 1976.]

*John G. Bunner,* of Evansville, for appellant.

*Theodore L. Sendak,* Attorney General, *Walter F. Lockhart,* Deputy Attorney General, for appellee.

LYBROOK, J.—Defendant-appellant Phillips shot and killed his wife. He brings this appeal from his conviction of voluntary manslaughter. Expressly waiving all other issues, Phillips challenges only the sufficiency of the evidence, maintaining that it does not support the jury finding that the homicide was intentional. We affirm.

In reviewing a conviction to determine whether it was supported by sufficient evidence this court neither weighs the evidence nor resolves questions of credibility of witnesses. Rather, we view only the evidence most favorable to the State, together with all reasonable inferences which may be drawn therefrom. If from that viewpoint there is substantial evidence of probative value to establish each material element of the offense beyond a reasonable doubt, the verdict will not be disturbed. *Nicholas* v. *State* (1973), 261 Ind. 115, 300 N.E.2d 656.

The evidence most favorable to the State reveals that during an argument between Phillips and his wife, Phillips grabbed a shotgun from a gun rack hanging on a wall in the room in which the argument occurred. As he turned toward his wife the gun discharged, striking her in the neck and resulting in her death.

Phillips' only argument is that the firing of the gun was accidental and that he had no intent to kill. He therefore urges that conviction for voluntary manslaughter was error.

Expert testimony at trial revealed that the mechanics of the shotgun were such that accidental discharge was virtually impossible unless the hammer was first cocked back. Further, once the hammer was fully cocked, the gun could not be fired by bumping it, but rather only by pulling the trigger. This is substantial evidence of probative value from which the jury could have inferred beyond a reasonable doubt that Phillips in some manner deliberately manipulated and caused the shotgun to fire. Since intent and purpose to kill may be inferred from the deliberate use of a deadly weapon in a manner likely to cause death, *Jones* v. *State* (1970), 253 Ind. 456, 255 N.E.2d 105, we find Phillips' argument on appeal unpersuasive.

Judgment affirmed.

Robertson, C.J. and Lowdermilk, J., concur.

NOTE.—Reported at 328 N.E.2d 255.