DAVID LEE SYPNIEWSKI *v.* STATE OF INDIANA.

[No. 976S315. Filed November 15, 1977. Rehearing denied February 9, 1978.]

*Anthony V. Luber,* of South Bend, *Joseph D. Bradley,* of South Bend, for appellant.

Theodore L. Sendak, Attorney General, Elmer Lloyd Whitmer, Deputy Attorney General, for appellee.

PIVARNIK, J.—Appellant Sypniewski was convicted of second-degree murder by a jury in St. Joseph Superior Court on March 5, 1976. He was sentenced to a term of fifteen to twenty-five years. The killing in question occurred on September 13, 1975, at the apartment residence of appellant's former wife. Appellant broke down the door and fired repeatedly at the man his former wife was seeing, Wayne Rollain. Appellant pleaded that he was not guilty by reason of insanity at the time of the offense.

Eleven erorrs are presented for our review. These issues concern the trial court's actions in: (1) granting the state's motion in limine in regard to a polygraph examination of appellant; (2) giving a preliminary instruction on the presumption of innocence; (3) giving preliminary and final instructions on reasonable doubt; (4) denying appellant's motion for judgment on the evidence; (5) giving a state's instruction on the definition of malice; (6) giving a state's instruction on the inference of malice; (7) modifying appellant's instruction on the burden of proof with regard to sanity; (8) refusing appellant's instruction on premeditation; (9) entering a verdict that was allegedly contrary to the evidence and not supported by law; (10) denying appellant's belated motion to correct errors; (11) denying appellant's petition to suspend further execution of the sentence.

I.

Appellant first argues that the trial court should not have granted the state's motion in limine, prohibiting any mention of a polygraph test administered to appellant. There is no merit to this argument. Serrano v. State, (1977) 266 Ind. 126, 360 N.E.2d 1257, 1259-60.

## II.

Appellant next argues that the trial court erroneously gave the following preliminary instruction on the presumption of innocence:

"It is provided by statute that a defendant is presumed to be innocent until the contrary is proven. Where there is a reasonable doubt whether his guilt is satisfactorily shown, he must be acquitted. Under the law, it is your duty to presume the defendant in this case to be innocent of the crime charged, and this presumption remains with him throughout the trial, and it is your duty if it can be consistently done, to reconcile all the evidence in this case upon the theory *that each witness has testified to the truth* and upon the theory that the defendant is innocent, and so long as any one of you have from the evidence in the case or the lack of evidence upon any material point, a reasonable doubt of his guilt, he should not be convicted. If you can reconcile the evidence before you upon any reasonable hypothesis consistent with the defendant's innocence you should do so, and in that case find him not guilty."

This language, appellant argues, is contrary to the rule that a jury is not bound to accept the testimony of a witness as true simply because it is not directly contradicted by other testimony. *Berry* v. *State,* (1969) 251 Ind. 494, 242 N.E.2d 355, *cert. denied,* 394 U.S. 1007, 87 S.Ct. 1608, 22 L.Ed.2d 786 (1969); *Limp* v. *State,* (1950) 228 Ind. 361, 92 N.E.2d 549. However, in reviewing instructions for harmful error, we are bound to consider the impact of the instructions as a whole, *Tewell* v. *State,* (1976) 264 Ind. 88, 339 N.E.2d 792, and the following preliminary instruction was also given to the jury:

"It is your duty to reconcile the statements of witnesses so as to give credence to all of the testimony, if you can, on the theory that the defendant is innocent; but if you cannot do this on account of contradictions, then upon you rests the responsibility of determining who you will believe and who you will disbelieve.

You are the sole judges of the credibility of the witnesses and of the weight to be given to the testimony of each of them. . . ."

Considering the instructions as a whole, we find the jury was fairly instructed. *Cf. Kilgore* v. *State,* (1976) Ind. App., 354 N.E.2d 254, 257-58. While appellant alleges further prejudice from the language in question because he exercised his right not to testify, this argument adds nothing to his position. The "duty to reconcile" or "presumption of truthfulness" language in a credibility instruction does not impinge Fifth Amendments rights where the defendant has elected not to testify. *Cupp* v. *Naughten,* (1973) 414 U.S. 141, 94 S.Ct. 396, 38 L.Ed.2d 368. There is thus no error presented on this issue.

### III.

The trial court's preliminary and final instructions on reasonable doubt are next challenged by appellant. The objected to part of this instruction was as follows:

"And by reasonable doubt is not meant a mere whim, or speculative doubt. It is properly termed a reasonable doubt, *and it must arise from the evidence or lack of evidence relating to some material element as charged in the information.*"

This language is a correct statement of the law and a correct instruction. *James* v. *State,* (1976) 265 Ind. 384, 354 N.E.2d 236, 240; *Ringham* v. *State,* (1974) 261 Ind. 628, 633, 308 N.E.2d 863, 866. No error is presented on the giving of this instruction.

### IV.

Appellant next contends error in the trial court's denial of his motion for judgment on the evidence at the close of the state's case in chief. After denial of his motion, appellant introduced evidence in defense. This action constitutes a waiver of any error on this question. *Parker* v. *State,* (1976) 265 Ind. 595, 358 N.E.2d 110, 113; *Murphy* v. *State,* (1976) 265 Ind. 116, 352 N.E.2d 479, 485.

## V.

Appellant next argues that the trial court erroneously gave the jury the state's tendered instruction on the definition of malice. The instruction given was the malice instruction from *Harris* v. *State*, (1900) 155 Ind. 265, 271-72, 58 N.E. 75, 77, which has been held proper more recently in *Rennert* v. *State*, (1975) 263 Ind. 274, 281-82, 329 N.E.2d 595, 600. No error is presented here.

## VI.

A state's tendered instruction on the inference of malice was also given by the trial court. Appellant challenges this instruction, which read:

"An intent and purpose to kill may be inferred from the deliberate use of a deadly weapon in a manner likely to cause death.

Likewise, the deliberate use of a deadly weapon in a manner likely to cause death will permit you to infer the existence of malice."

The instruction given is an accurate statement of existing case law. *Starkey* v. *State*, (1977) 266 Ind. 184, 361 N.E.2d 902, 904; *Chatman* v. *State*, (1975) 263 Ind. 531, 542, 334 N.E.2d 673, 680. It does not impermissibly tell the jury that they must make an inference of malice from the deliberate use of a deadly weapon, only that they may make such an inference if they so find. There is no error presented on the giving of this instruction.

## VII.

Appellant next contends that his tendered instruction on the burden of proof with regard to insanity was erroneously modified. As originally tendered, this instruction stated:

"In a criminal prosecution where there is some evidence in support of a plea of insanity, the burden rests on the State to establish beyond a reasonable doubt that defendant was sane at the time of the commission of the acts alleged

as constituting the crime. *This burden never shifts* from the state."

The trial court deleted the last sentence of this instruction before giving it. In *Bobbitt* v. *State,* (1977) 266 Ind. 164, 361 N.E.2d 1193 at 1200, this court held that a similar instruction, containing the same deleted words, was not improperly refused when the jury was otherwise adequately instructed on the principle embodied in the refused instruction. The court in the present case, in addition to giving appellant's instruction as modified, gave the jury an instruction identical to the one deemed adequate in *Bobbitt.* There is thus no error here.

## VIII.

Appellant challenges the trial court's refusal to give another of his tendered instructions, which dealt with premeditation. tion. Based on *Blair* v. *State,* (1971) 257 Ind. 342, 345, 274 N.E.2d 532, 533, this instruction stated:

"Premeditation by its very nature is not instantaneous but requires some time interval."

Instead of this, the court gave the following instruction on premeditation:

"A killing is done purposely and with premeditated malice when the intention to take life unlawfully is deliberately formed in the mind and the determination meditated upon before the fatal stroke is given. There need be no appreciable space of time between the formation of the intention to kill and the killing. It is necessary that the act of killing be preceded by a concurrence of will, deliberation, and meditation on the part of the slayer."

The instruction given was a more complete statement of the law than that tendered by appellant, as it incorporates both the "time interval" concept with the rule that this time interval need not be appreciable. *See James* v. *State,* (1976) 265 Ind. 384, 354 N.E.2d 236, 240; *Owens* v. *State,* (1975) 263 Ind. 487, 506, 333 N.E.2d 745, 755; *Frances* v. *State,*

(1974) 262 Ind. 353, 358, 316 N.E.2d 364, 366-67. There is no error presented on this issue.

## IX.

Appellant asserts that the verdict finding him guilty of second-degree murder was not supported by sufficient evidence and was contrary to law. His sole claim in this regard is that there was not substantial evidence of probative value showing that he was of sound mind at the time of the offense, because of the testimony of four doctors he presented as expert witnesses.

When a defendant enters a plea of not guilty by reason of insanity, the burden of proving sanity beyond a reasonable doubt is on the state. *Montague* v. *State*, (1977) 266 Ind. 51, 360 N.E.2d 181, 187, *Johnson* v. *State*, (1970) 255 Ind. 324, 328, 264 N.E.2d 57, 59. When reviewing the sufficiency of the evidence supporting the conclusion by the trier of fact that the defendant was sane, we treat the issue like other questions of fact. *Montague, supra.* This court does not judge the credibility of witnesses nor weigh evidence, but rather looks to the evidence most favorable to the state and the reasonable inferences to be drawn from that evidence. If there is substantial evidence of probative value to support the conclusion of the trier of fact, that conclusion will not be overturned. *Maxey* v. *State*, (1976) 265 Ind. 244, 353 N.E.2d 457, 459.

In essence, the testimony of the experts presented by appellant was that he was in a "state of dissociation" or "altered consciousness" at the time of the shooting. There was expert testimony that while appellant might have been able to comprehend the wrongfulness of his act of killing, he might not have been able to control his impulse to commit that act on the night of the crime. Several lay witnesses also testified at trial, however, and described appellant's actions and words before and after the killing. There was testimony from these

witnesses to the effect that appellant was aware, shortly after the killing, of what he had done and the consequences thereof. Thus, while these witnesses generally described appellant as somewhat dazed, they did not describe him as being out of touch with reality at this time.

It is the perogative of the jury to believe whomever they choose, and to disregard the testimony of witnesses they do not believe in a homicide case. *Williams* v. *State,* (1976) 264 Ind. 441, 346 N.E.2d 579, 581. Lay testimony, including opinions, is competent on the issue of sanity. *Williams* v. *State,* (1976) 265 Ind. 190, 352 N.E.2d 733, 742, as is all evidence which has a logical reference to defendant's sanity, including his sobriety and behavior on the day of the offense, *Howard* v. *State,* (1976) 265 Ind. 503, 355 N.E.2d 833, 835. It is clear in this case that the jury disregarded the expert testimony, and believed the lay testimony describing appellant on the night of the crime, which they were entitled to do. It is also clear that the lay testimony which the jury believed meets our standard of review for sufficiency of the evidence on the sanity question. Thus no error is presented here.

## X.

Appellant's next alleged error concerns the trial court's denial of his belated motion to correct errors. This motion was a prayer that the judgment and sentence entered against appellant be set aside, on the basis of an affidavit by appellant's former wife. In this affidavit she stated that she presently recalled a fact which she had not previously recalled, and which she had not disclosed at trial. This new evidence was that on the night of the crime, appellant informed her of allegedly "fighting words" that decedent had just told him. Appellant chose not to testify at trial, but surely could have refreshed his former wife's memory before her testimony about the night in question.

The trial court properly considered the lately recalled evidence self-serving and cumulative of other testimony. The belated motion to correct errors was a rather audacious pleading, with less merit than the argument made in its support on appeal. It was properly denied.

## XI.

Appellant's final argument is that the trial court should not have denied his petition to suspend further execution of his sentence. For the court to have granted this petition would have been contrary to the clear language of Ind. Code § 35-7-1-1 (Burns 1975), which was in effect at the time, since appellant was convicted of second-degree murder. There was no error here.

The judgment of the trial court is affirmed.

All justices concur.

NOTE.—Reported at 368 N.E.2d 1359.