Kenneth Wayne OWENS, Appellant,

v.

STATE of Indiana, Appellee.

No. 1078 S 219.

Supreme Court of Indiana.

Feb. 28, 1980.

Michael T. Conway, Indianapolis, for appellant.

Theo. L. Sendak, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

■ Appellant was convicted of murder in the shooting death of Douglas Bunnell and a sentence of sixty years was imposed. In this appeal the issue presented is whether the evidence of guilt was sufficient. In determining this question we do not weigh the evidence nor resolve questions of credibility but look to the evidence and reasonable inferences therefrom which support the verdict. *Smith v. State*, (1970) 254 Ind. 401, 260 N.E.2d 558. The conviction will be affirmed if from that viewpoint there is evidence of probative value from which a reasonable trier of fact could infer that appellant was guilty beyond a reasonable doubt. *Glover v. State*, (1970) 253 Ind. 536, 255 N.E.2d 657; *Taylor v. State*, (1973) 260 Ind. 64, 291 N.E.2d 890; *Turner v. State*, (1972) 259 Ind. 344, 287 N.E.2d 339.

Viewed in a manner favorable to the verdict the evidence showed that around 11:00 a. m. on November 21, 1977, Bunnell, the deceased, was driving his automobile in Indianapolis and picked up Robert Green and Aaron Nixon. They drove to a liquor store where they met appellant Owens who joined them. Green, Nixon, and appellant were armed with sawed-off shotguns. The four drove around talking and drinking off and on, and picked up some high school girls and drove them home. Around 9:00 p. m. appellant and the deceased became involved in an argument. They argued in the car for about forty-five minutes. The deceased told the appellant "to get out of the car or he'll kick his ass." The deceased attempted to exit the car and while so doing appellant shot him in the side with the shotgun he was carrying. Green and Nixon immediately left the car and as the two ran off they heard a second shot.

The autopsy report established that Bunnell had been shot with a shotgun in the side and in the mouth, and the pathologist stated that either wound could have been fatal. Dr. Benz testified that the wound to the mouth was inflicted by a shotgun which was placed in the mouth when fired and the wound to the side was also a contact wound.

■■ It is appellant's specific contention that the prosecution failed to present evidence of a sufficient nature to show that he acted intentionally or knowingly. Indiana Code § 35–42–1–1, the murder statute, provides:

"A person who:

(1) Knowingly or intentionally kills another human being; or

(2) . . . commits murder, a felony."

Indiana Code § 35–41–2–2 provides definitions for the terms "knowingly" and "intentionally" as used in defining substantive crimes:

"(a) A person engages in conduct 'intentionally' if, when he engages in the conduct, it is his conscious objective to do so.

(b) A person engages in conduct 'knowingly' if, when he engages in conduct, he

is aware of a high probability that he is doing so."

The indictment of appellant charged that he did on the 21st day of November, 1977, knowingly kill Douglas Bunnell by shooting him. The elements of the offense include (1) knowingly (2) kill, and (3) human being. Here the State chose to charge a knowing rather than an intentional mental state. Under the plain words of the statute it may properly do so. The burden was therefore on the prosecution to prove such knowing mental state beyond a reasonable doubt. From the evidence presented the jury could reasonably have inferred that as the deceased was getting out of the car, appellant pointed a loaded shotgun at him and pulled the trigger, causing it to fire. After the deceased was wounded by the blast, appellant, still holding the gun maneuvered it so as to place the muzzle of the gun in his mouth and again pulled the trigger causing it to fire. Appellant's awareness of what he was doing at the time of these shots is supported by the precise steps he took in placing the muzzle of the gun in the victim's mouth and discharging it the second time. In so doing he was executing a conceived plan.

This case is factually and legally similar to the recent case of *Sparks v. State*, (1979) Ind., 393 N.E.2d 151. There an argument developed between the defendant and the deceased at a gathering at the defendant's residence. The defendant shot the deceased in the abdomen and then during a continuation of the argument shot him a second time in the head. We found the evidence sufficient under the same murder statute applicable here to show that the killing had been accomplished with the essential elements of culpability, knowing and intentional. We also deem the evidence sufficient in the present case of the knowing mental state to support the jury verdict.

■ Appellant identifies testimony tending to show that he may have acted in a sudden heat. According to a statement given police by appellant and presented to the jury at the trial, appellant had stated that at the time of the shooting he was in the back seat of the car, and that he and the deceased were arguing about the reckless manner in which the deceased was operating the car and about the deceased's refusal to take him to a house of some friends. The deceased stated that he was going to get him out of the car and whip him whereupon appellant leaned over the seat with gun in hand and put the gun against the deceased's right side. The deceased then grabbed the gun causing it to discharge. No mention was made in appellant's version of events that a second shot was fired. The jury was consequently confronted with conflicting descriptions of the events of the shooting. It was not bound to accept appellant's version of the events where there was ample evidence in the rest of the testimony supporting the conviction. The jury was instructed upon manslaughter as an included offense. The choices were for the jury to make and it was for the jury to decide whether appellant was guilty of murder, manslaughter or by reason of accident, no crime at all.

Appellant also points to evidence that he consumed alcohol throughout the day prior to the shooting in furtherance of his contention that the evidence of the requisite mental state was insufficient. No instruction was given the jury on the defense of intoxication. Indiana Code § 35–41–3–5 regarding intoxication provides:

"(a) It is a defense that the person who engaged in the prohibited conduct did so while he was intoxicated, if the intoxication resulted from the introduction of a substance into his body:

(1) Without his consent; or

(2) When he did not know that the substance might cause intoxication.

(b) Voluntary intoxication is a defense only to the extent that it negates specific intent."

■ Evidence of the consumption of alcohol by the accused or others can be material to any number of issues in a criminal case. However, the policy of this statute is that evidence of voluntary drinking insofar as it may relate and be material to the issue of whether the accused manifested

the requisite mental state or criminal intent, does so by way of the defense of intoxication. Therefore, absent any instruction informing the jury of this special legal significance of evidence of consumption of alcohol, the jury verdict, by reason of the policy of the law as expressed in the above statute, cannot be considered as reflecting consideration of such evidence as bearing upon the presence of criminal intent. Furthermore, to consider such evidence on appeal in reviewing the sufficiency of evidence would be granting it legal significance contrary to that same policy of the law. The supposition arises of course that the jury may have considered such evidence in arriving at its verdict without legal guidance from a court instruction. As a matter of law such supposition does not alter our proper course. That would be a *fait accompli*, which cannot be now reached, and would probably have benefited the accused more than the prosecution.

The evidence of guilt is sufficient and the conviction is affirmed.

GIVAN, C. J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.

---

**In the Matter of George M. FISHER.**

**No. 679 S 150.**

Supreme Court of Indiana.

Feb. 29, 1980.

Proceeding was instituted in disciplinary matter. The Supreme Court held that acceptance of private employment in a child custody case that involves a criminal prosecution while one is also employed as deputy prosecutor in the same county warrants a public reprimand.

Reprimand ordered.

**Attorney and Client** ⟜58

Acceptance of private employment in a child custody dispute that involves a criminal prosecution while one is also employed as deputy prosecutor in the same county warrants a public reprimand. Code of Professional Responsibility, DR9–101(B).

---

ORDER APPROVING CONDITIONAL AGREEMENT AND IMPOSING PUBLIC REPRIMAND

Comes now the Disciplinary Commission of the Supreme Court of Indiana and George M. Fisher, Respondent in this cause and, pursuant to Admission and Discipline Rule 23, Section 11(d), tender to this Court a "Statement of Circumstances and Conditional Agreement for Discipline," which agreement more fully appears in words and figures as follows, to-wit:

(H. I.)

And this Court, being duly advised, now finds that Respondent accepted private employment on behalf of a client in a child custody dispute involving several legal proceedings, including a criminal prosecution for criminal confinement and petition to establish paternity instituted by Respondent's client against the alleged father. While thus privately employed, Respondent was also employed as deputy prosecutor in the same county. By engaging in such conduct, Respondent accepted private employment in a matter in which he had substantial responsibility as a public employee and violated D.R. 9–101(B) of the Code of Professional Responsibility.

This Court finds that, under the circumstances of this case, the agreed discipline, a public reprimand, is appropriate. This Court also finds that Respondent has complied with the requirements of Admission and Discipline Rule 23, Section 17(a) by delivering to this Court the requisite affidavit.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED by this Court that the Conditional Agreement for Disci-

pline tendered in this cause is now accepted and approved; and, in accordance with such agreement, the Respondent, George M. Fisher, by reason of the violation of the Code of Professional Responsibility noted above, is to be given a public reprimand. Respondent is ordered to appear before this Court on the twenty-seventh (27th) day of March, 1980, at 1:00 p. m., at the Supreme Court Chambers for a public reprimand.

IT IS FURTHER ORDERED that prior to said appearance, Respondent shall pay to the Clerk of this Court the costs of these proceedings. The Clerk of this Court shall forward a copy of this Order to the parties in this action.

All Justices concur.