**William Terry HULEN, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 480S104.**

Supreme Court of Indiana.

Dec. 31, 1980.

Thomas L. Ryan, Deputy Public Defender, Fort Wayne, for appellant.

Theodore L. Sendak, Atty. Gen., Michael Gene Worden, Asst. Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

A jury found appellant, William Terry Hulen, guilty of murdering Robert Quickery. Appellant argues the State failed to present evidence sufficient to prove that appellant's conduct was unlawful. Although appellant's argument is set forth in one section, it appears that he is making two arguments: First, that the State failed to prove defendant's conduct was unlawful because it did not present sufficient proof on the absence of heat of passion; and, second, that the State failed to prove that appellant acted "knowingly". Although ap-

pellant intertwines these two theories in his brief, we will try to address them separately.

The record shows the following facts. At approximately 1:00 a. m. on November 25, 1979, A.M.I., a prostitute for the decedent, visited the mobile home of decedent where she obtained ninety dollars which she intended to invest in drugs. A.M.I. then proceeded to a house of a drug dealer in order to purchase heroin. Appellant and another person accompanied A.M.I. to the dealer's home and gave her forty dollars to purchase drugs for them. A.M.I was in the house for approximately two hours. She returned to the car empty-handed—she had used all the money to pay for heroin, which she used while in the house, and to pay a prior debt.

Appellant was enraged when he learned that A.M.I. had failed to purchase drugs for him. He opened his knife and started toward the house of the drug dealer. A.M.I. managed to subdue Hulen by convincing him that she could get more money from Quickery. They then returned to Quickery's residence where appellant forcibly pulled A.M.I. from the car. Holding her by her hair with one hand and the knife to her back, he pushed her toward the trailer, admonishing her not to try anything funny.

When Quickery opened the door, Hulen forced his way in. While Quickery, who was undressed at the time, was putting on a pair of pants Hulen attacked him with the knife. A.M.I. stated that the attack was unprovoked. Quickery had made no move to attack the intruder, not did he have a weapon. Quickery sustained numerous stab wounds over his body, including two in the neck, one of which the pathologist testified was the fatal wound. It is appellant's position that the State failed to prove his conduct was unlawful because it failed to prove that he acted in the absence of sudden heat. However, the record in the case at bar is devoid of evidence suggesting that the victim provoked appellant. The jury was in fact instructed on the lesser included offense of voluntary manslaughter. Whether or not appellant was of such

a state of mind as to be guilty of murder or whether he acted in the heat of passion upon sufficient provocation, are questions for the jury. *Owens v. State*, (1980) Ind., 400 N.E.2d 1124; *McFarland v. State*, (1979) Ind., 390 N.E.2d 989; *Jones v. State*, (1970) 253 Ind. 456, 255 N.E.2d 105.

■ This Court will not reweigh the evidence nor check the credibility of the witnesses. *Bond v. State*, (1980) 403 N.E.2d 812; *Beasley v. State*, (1977) 267 Ind. 396, 370 N.E.2d 360. The jury's failure to find appellant guilty of voluntary manslaughter and its conclusion that he was guilty of murder is supported by the evidence.

As to appellant's claim that the State did not prove that he acted knowingly, as required by the statute, we first point out that knowingly has been described as synonymous with the term purposely as used in prior murder statutes. In *Burkhalter v. State*, (1979) Ind., 397 N.E.2d 596, at 598, we stated,

"An act is done purposely, if it is willed, is the product of conscious design, intent or plan that it be done, and is done with an awareness of probable consequences." *McKinstry v. State*, (1975) 264 Ind. 29, 35, 338 N.E.2d 636, 640.

We have also held that "purpose may be inferred from the deliberate use of a deadly weapon in a manner likely to cause death or great bodily harm." *Loyd v. State*, (1980) Ind., 398 N.E.2d 1260, 1264.

Appellant argues that the suddenness with which he slashed out at Quickery indicates that he didn't intend to kill. Since his actions could possibly, but wouldn't necessarily, produce a fatal injury, he argues that he did not knowingly commit murder. In support of his position, he cites *Sandstrom v. Montana*, (1979) 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39. *Sandstrom* contained an instruction that "the law presumes that a person intends the ordinary consequences of his voluntary acts." The Supreme Court held that such an instruction effectively and unconstitutionally shifts the burden of proof on the element of purpose or knowledge. There was no such instruction in the case at bar.

Also to support his argument, appellant relies on the testimony of a forensic pathologist who testified that the manner in which the wounds were inflicted indicated that the appellant was basically trying to defend himself and did not intend to kill. In the first place, the jury is not bound by the testimony of an expert witness. *Lock v. State*, (1980) Ind., 403 N.E.2d 1360, 1373; *Sypniewski v. State*, (1977) 267 Ind. 224, 232, 368 N.E.2d 1359, 1364. On cross-examination, the same witness stated he was not suggesting to the jury that from the location of the wounds he could determine the mental state of the attacker.

■ The evidence in this case that appellant deliberately and viciously attacked an unarmed man who had not provoked him in any manner, was evidence upon which the jury could base a decision that he had knowingly and intentionally killed the victim. See *England v. State*, (1978) Ind., 383 N.E.2d 320, 321. The intent to kill may be inferred from the use of a deadly weapon in a manner likely to cause death. *Johnson v. State*, (1980) Ind., 399 N.E.2d 360, 362.

The trial court is in all things affirmed.

All Justices concur.