**William BROWDER,**
**Appellant-Defendant,**

v.

**STATE of Indiana, Appellee-Plaintiff.**

**No. 4–981A113.**

Court of Appeals of Indiana,
Fourth District.

Feb. 17, 1982.

Dawn D. Duffy, Samper, Hawkins, Atz & Duffy, Indianapolis, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

CONOVER, Judge.

William Browder appeals his conviction for theft, Ind.Code 35–43–4–2(a),[1] by a Marion Municipal Court sitting without a jury. Browder contends the State did not present any evidence at trial to show he knew the vehicles in his possession were stolen.

Browder's argument is that the only evidence he *knowingly* exerted unauthorized

control over the vehicles was his own admission at trial. He cites *Green v. State*, (1973) 159 Ind.App. 68, 304 N.E.2d 845 for the rule that a conviction may not rest solely upon a confession of the accused. *Green v. State, supra* at 159 Ind.App. 78, 304 N.E.2d 851.

We find Browder's conviction does not rest solely on his own incriminating statements and accordingly affirm the trial court.

### DISCUSSION

When evidence to support a conviction is reviewed on appeal, we do not reweigh it nor assess the credibility of witnesses. We only consider the evidence most favorable to the decision and all reasonable inferences drawn therefrom. We will not disturb the decision if there is substantial evidence of probative value to support each element of the offense. We do not have to find that circumstantial evidence is adequate to overcome every reasonable hypothesis of innocence; rather, we must only find that an inference may be reasonably drawn from the evidence which supports the finding of the fact finder. *Hall v. State*, (1980) Ind., 405 N.E.2d 530; *Spears v. State*, (1980) Ind., 401 N.E.2d 331.

The evidence in the light most favorable to the State is as follows:

At 2:30 p. m. on September 22, 1980, William David Browder drove a 1978 Ford pick-up truck to a store at 342 West McCarty Street in Indianapolis. While there, he sold the truck for $300 to Jerald Hole, an undercover detective with the Indiana State Police. Apparently the truck was in good condition except for the ignition. It had been removed. About the same time Dixie Burger, the truck's owner, reported it stolen. While dealing with Hole, Browder asked the officer if he would be interested in buying other kinds of stolen merchandise, and asked the officer for his coat size.

---

1. Ind.Code "35–43–4–2. Theft—Receiving stolen property.—(a) A person who knowingly or intentionally exerts unauthorized control over property of another person, with intent to deprive the other person of any part of its value or use, commits theft, a class D felony."

We note Browder was not charged with receiving stolen property under Ind.Code 35–43–4–2(b).

Browder returned two days later with a 1979 Ford pick-up truck. Browder sold it to Hole for $200. It was reported stolen by its owner Paul Clendening. The following day, Browder sold Hole a 1974 Ford pick-up truck for $250. The ignition and the vehicle identification number had been removed. Owner Phillip Clemons had reported it stolen only hours earlier.

Browder, who took the stand in his own defense,[2] testified Richard Sahm, who he met in jail, hired him to deliver trucks to Hole. Browder said he believed the business was illegal, and considered going to the Indianapolis newspapers with his story about the operation.

At trial, Browder was asked:

"Q. Did you know that these vehicles were stolen?

"A. I didn't know it, no, a hundred percent sure that they were stolen but in my mind, yes, I knew they were stolen but I didn't have no proof that they were stolen.

.    .    .    .    .

"Q. Where did you get in these stolen vehicles to drive them?

"A. He (Richard Sahm) came over to my house and got me.

"Q. Then, you got in and drove the stolen vehicles?

"A. Yes.

"Q. You knew they were stolen?

"A. Yes, yes I knew."

Browder's conviction was made easier by his admissions. Nevertheless his admissions were not the only evidence to support his conviction for theft. The State's evidence of the circumstances under which the police obtained the vehicles suggested Browder knew what he was doing and intended to do it.

Those circumstances alone—the possession of recently stolen property, the offer to sell additional kinds of stolen goods, the sale of the vehicles at absurdly low prices, and repeated delivery of vehicles without keys and with ignitions removed provided more than a suspicion Browder knowingly exercised unauthorized control over someone else's vehicles. Those circumstances corroborated Browder's own testimony at trial he knew the trucks were stolen and indicated he did not intend to return the trucks to their owners.

Accordingly we affirm the trial court.

MILLER, P. J., and YOUNG, J., concur.

2. By introducing evidence after the denial of a motion for judgment on the evidence, Browder waived any error by the trial court in overruling the motion at the close of the State's case. *Sanders v. State*, (1981) Ind., 428 N.E.2d 23, 28; *Miller v. State*, (1978) 267 Ind. 635, 640, 372 N.E.2d 1168, 1171; *Sypniewski v. State*, (1977) 267 Ind. 224, 228, 368 N.E.2d 1359, 1362; *Parker v. State*, (1976) 265 Ind. 595, 601, 358 N.E.2d 110, 113; see also Ind.Rules of Procedure, Trial Rule 50(A)(6). Consequently the only issue before us is whether the State's evidence was sufficient to corroborate the defendant's own admissions, not whether the State presented a *prima facie* case sufficient to withstand a motion for judgment on the evidence at the close of its case in chief. In considering whether the evidence is sufficient to support a conviction, we necessarily consider *all* the evidence properly admitted which is most favorable to the outcome in the trial court. *See Green v. State, supra.*